[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO MOTION TO STRIKE (#102)
ISSUE
Whether the plaintiffs' prayer for relief claiming punitive damages is legally insufficient because the plaintiff has failed to allege matters cognizable under General Statutes14-295.
FACTS
The following facts are alleged in the complaint. On December 3, 1989, plaintiff Linus L. Sanstrom was operating his motor vehicle in an easterly direction on Country Club Road in Middletown, Connecticut. Also on December 3, 1989, the defendant, Donzie Taylor, was operating his motor vehicle in a westerly direction on Country Club Road in Middletown, Connecticut. Mr. Sanstrom alleges that the defendant's vehicle crossed into the eastbound lane suddenly and without warning and collided with the plaintiff's vehicle. Mr. Sanstrom further alleges that the collision was due to the negligence of the defendant and that the plaintiff suffered physical injuries thereby. The plaintiff Nancy Sanstrom alleges that she has suffered a loss of consortium because of the injuries inflicted on Mr. Sanstrom due to the collision caused by the defendant's negligence. Both plaintiffs claim, inter alia, punitive damages.
The defendant now moves to strike the prayer for relief claiming punitive damages because the plaintiffs have not alleged matters cognizable under General Statutes 14-295. The defendant has filed a memorandum of law in support of his motion. The plaintiffs have filed neither an objection nor a CT Page 4816 memorandum in opposition to the defendant's motion to strike.
DISCUSSION
"The motion to strike is used to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989), citing Practice Book 152. Practice Book 152(2) provides that a defendant may move to strike a prayer for relief contained in a complaint if, "assuming the truth of the allegations in the complaint, the relief sought could not be legally awarded to the plaintiff." Kavarco v. J.J.E. Inc.,2 Conn. App. 294, 298 n. 4, 478 A.2d 257 (1984).
The defendant argues that punitive damages in a negligence case arising out of an automobile collision are recoverable solely pursuant to General Statutes 14-295. General Statutes14-295 provides:
 In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property.
Because the plaintiffs have not alleged that the defendant behaved deliberately or with reckless disregard in any respect, their claim for punitive damages is legally insufficient.
CONCLUSION
The plaintiffs' prayer for relief claiming punitive damages is legally insufficient because the plaintiff has failed to allege matters cognizable under General Statutes14-295.
AUSTIN, J. CT Page 4817