[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Dated May 22, 1997
The present action arose out of a chain reaction automobile accident which occurred on February 8, 1994, on interstate 84 in Waterbury, Connecticut. The plaintiff, William Rubbo, was a passenger in a car that collided into a guardrail and was CT Page 5283 subsequently struck by, inter alia, a car being driven by the defendant James J. Birkenberger, which was owned by the defendant John W. Birkenberger. In the fifth, fourteenth and twenty third counts of a twenty-seven count complaint filed on February 1, 1996, the plaintiff's, William Rubbo, Joanne Rubbo, and John Rubbo, claim that James J. Birkenberger was driving a car owned by John W. Birkenberger "with his permission and/or pursuant to the family car doctrine within the scope of this authority to operate said automobile and/or as his agent, servant or employee within the scope of his agency or employment." They further allege that injuries suffered by William Rubbo were the result of James J. Birkenberger's deliberate or reckless operation of the automobile which he was driving. In their demand for relief, the plaintiff's claim that they are entitled to double or treble damages from both James J. Birkenberger and John W. Birkenberger based on the fifth, fourteenth and twenty-third counts of their complaint and under the provisions of General Statutes §14-295.[1]
The defendants, John W. Birkenberger and James J. Birkenberger, filed this motion to strike the portions of the demand for relief which claim punitive damages and double or treble damages pursuant to General Statutes § 14-295 from John W. Birkenberger, claiming he was not the operator of the vehicle at the time of the collision.
The function of the motion to strike is to test the legal sufficiency of a pleading. R.K. Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 384, 650 A.2d 153 (1994). The motion to strike is appropriate when challenging the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Practice Book § 152; Waters v.Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). The motion to strike is also appropriate when challenging the legal sufficiency of a prayer for relief; Practice Book § 152; Kayarco v.T.J.E. Inc., 2 CONN. APP. 294, 298 n. 4, 478 A.2d 257 (1984);Librandi v. Stamford, Superior Court, judicial district of Stamford, Docket No. 111346 (March 20, 1991, Ryan, J.) (3 Conn. L. Rptr. 364). The motion to strike admits all facts well pleaded; R.K. Constructors, Inc. v. Fusco Corp., 231 Conn. 381,383, 650 A.2d 153 (1994); and if such facts would support a defense or a cause of action, the motion to strike must fail.Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). The facts alleged in the complaint are to be construed by the trial court in the most favorable way for the plaintiff. Novametrix
CT Page 5284Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992); Amodio v. Cunningham, 182 Conn. 80, 82,438 A.2d 6 (1980).
The plaintiffs have alleged that John W. Birkenberger is liable under either the family car doctrine, § 52-182,[2]
and/or on an agency theory under § 52-183.[3][4]
There is a split of authority within our court on the issue presented here, that is, whether punitive damages can be imposed on the owner of a vehicle based on the reckless conduct of its operator. This court agrees with reasoning in those cases which holds that the language of Section 52-183 raises the presumption that the owner of a vehicle is liable for the reckless operation of his/her operator. Those cases that have allowed recovery for multiple damages from the owner based on the reckless conduct of his/her operator which this court has relied on are: Lockwood v.Gorski, Superior Court, judicial district of Stamford, Docket No. 133909 (May 6, 1994, Mottolese, J.); Waslewski v. Robinson,
Superior Court, judical district of Hartford/New Britain at New Britain, Docket No. 445908 (February 11, 1992, Byrne, J.) (6 CONN. L. RPTR. 138); Courtois v. Carr, Superior Court, judicial district of Hartford, Docket No. 393665 (December 12, 1991, Corrigan, J.) (5 Conn. L. Rptr. 330); Rodrigues v. Woodland,
Superior Court, judicial district of Hartford, Docket No. 322890 (November 4, 1987) Hale, J.) (3 CSCR 21); Knowling v. Severns,
Superior Court, judicial district of Hartford, Docket No. 311246 (January 9, 1987, Noren, J.) (2 CSCR 235); and Tudhope v. J.P.Jarjura Sons, Superior Court, judicial district of Waterbury, Docket No. 098459 (July 23, 1992, Langenbach, J.) (7 CONN. L. RPTR. 132).
The court agrees with the reasoning in Lockwood v. Gorski,supra, Superior Court, Docket No. 133909, and Waslewski v.Robinson, Superior Court, 6 Conn. L. Rptr. 138), and Courtois v.Carr, Superior Court, 5 CONN. L. RPTR. 330) that the language of § 52-183 raises the presumption that the owner of a vehicle is liable for the reckless operation of the motor vehicle. Therefore, for the reasons stated in those decisions which the court adopts, the motion to strike is denied.
PELLEGRINO, J.