CENTRAL NEW HAVEN DEVELOPMENT CORPORATION
*v.* POTPOURRI, INC., ET AL.

SUPERIOR COURT          JUDICIAL DISTRICT OF          FILE NO. 201891
                        NEW HAVEN

Memorandum filed October 31, 1983

*Greenberg, Hurwitz & Licari,* for the plaintiff.

*Pullman, Comley, Bradley & Reeves,* for the defendants.

ZOARSKI, J. This case is before the court on the defendants' motion to strike the plaintiff's claim for reasonable attorney's fees.

The plaintiff owns the Chapel Square Mall. It leased a portion of those premises to the defendants. On February 10, 1980, a fire allegedly occurred on the defendants' premises, causing substantial damage. The plaintiff brought suit against the defendants in negligence to recover for the losses caused by the fire. The plaintiff claimed reasonable attorney's fees pursuant to a provision in its lease with the defendants, which it claims the defendants breached. The defendants moved to strike the plaintiff's claim for attorney's fees, contending that the aforementioned lease provision does not provide for them. The defendants further contended that the plaintiff has not alleged wilful, wanton or reckless conduct, which they claimed the plaintiff must do to recover attorney's fees under a negligence theory. Since the plaintiff in its brief admits not alleging wilful, wanton or reckless conduct, this discussion will be limited to the lease provision.

A party may utilize a motion to strike in order to test the legal sufficiency of a prayer for relief. Practice Book § 152. A motion to strike admits all well pleaded allegations, and is construed most favorably to the plaintiff here. *Verdon* v. *Transamerica Ins. Co.,* 187 Conn. 363, 365, 446 A.2d 3 (1982).

The plaintiff presents in its second count the following section of its lease with the defendants: "(a) *Landlord's Obligations.* The Landlord shall maintain and keep in good condition all structural components of the building in which the Leased Premises are located, and all utility systems serving the Leased Premises, which are under the Landlord's control and are within the Entire Premises but outside the Leased Premises; provided, that any repairs required because of the acts, omissions or negligence of the Tenant or its agents, shall be performed by the Tenant. If the Tenant fails to make any such repairs within a reasonable time, the Landlord may make such repairs and shall immediately

be reimbursed by the Tenant for all costs incurred." The plaintiff alleges that since the defendants did not make any repairs, the plaintiff has been forced to file suit to recover for the damages, and that the recovery of attorney's fees falls within the scope of the above provision which provides that the landlord shall "be reimbursed by the Tenant for all costs incurred." The defendants argue that in Connecticut attorney's fees are not recoverable under a contract unless the contract specifically provides for them. Attorney's fees are not recoverable in Connecticut unless authorized by contract; *Litton Industries Credit Corporation* v. *Catanuto,* 175 Conn. 69, 76, 394 A.2d 191 (1978); or by statute. See, e.g., General Statutes § 52-240a.

It is submitted that the phrase "all costs incurred" is subject to two interpretations. Read narrowly, it could be construed as meaning the landlord can only recover those costs incurred in making the necessary repairs. Read broadly, it could be construed as allowing the landlord to recover those costs incurred in bringing suit against the tenant for the costs of necessary repairs, including attorney's fees. If a term of a contract is not defined by the parties, it is subject to interpretation by the court. *Lar-Rob Bus Corporation* v. *Fairfield,* 170 Conn. 397, 406, 365 A.2d 1086 (1976).

This court concludes that the landlord can only recover the costs incurred in making the necessary repairs. The provision of the lease does not permit the landlord to recover attorney's fees as part of its costs. Therefore the defendants' motion to strike the plaintiff's claim for attorney's fees is granted.