[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
FACTS
The plaintiff, Darlene Johnson, filed a one count complaint on March 2, 1994 against the defendant, Stop Shop Companies. The plaintiff alleges that she purchased a can of Campbell's brand chicken noodle soup from the defendant's Supermarket in Branford, Connecticut. While the plaintiff was eating the soup, a chicken bone became lodged in her throat. The plaintiff alleges that the defendant violated the Connecticut Product Liability Act, General Statutes § 52-572m et seq. In support of the alleged violation of the product liability law, the plaintiff alleges breaches of the warranties of merchantability and fitness; strict liability; negligence; and failure to warn. CT Page 6509
On March 24, 1994, the defendant moved to strike the plaintiff's claim for punitive damages in her prayer for relief. Pursuant to Practice Book § 155, the defendant filed a memorandum in support of its motion. The plaintiff timely filed a memorandum in opposition to the motion.
DISCUSSION
"A party may utilize a motion to strike in order to test the legal sufficiency of a prayer for relief." Central New HavenDevelopment Corporation v. Potpourri, Inc., 39 Conn. Sup. 132, 133
(1983, Zoarski, J.), citing Practice Book § 152. A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings."Mingachos v. CBS Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). In deciding upon a motion to strike, the court shall construe the facts alleged most favorably to the pleader. Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
The defendant moves to strike the plaintiff's claim for punitive damages in her prayer for relief on the ground that she failed to allege reckless disregard on the part of the defendant. The plaintiff argues that she has alleged sufficient facts to support a claim for punitive damages.
"Punitive damages may be awarded [in product liability actions] if the claimant proves that the harm suffered was the result of the product seller's reckless disregard for the safety of product users . . . who were injured by the product." General Statutes § 52-240b. "[T]here is nothing in the product liability act that suggests that the phrase "reckless disregard" is to be given a unique interpretation." (Citation omitted.) PreferredRemodelers, Inc. v. General Motors Corporation,6 Conn. L. Rptr. 118, 120 (March 4, 1992, Rush, J.). "Punitive damages are awarded when the evidence shows a reckless indifference to the rights of others or an intentional or wanton violation of those rights. . . ."Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 532,562 A.2d 1100 (1989); see also West Haven v. Hartford Insurance Co.,221 Conn. 149, 602 A.2d 988 (1992).
In Preferred Remodelers, Inc. v. General Motors Corporation, supra, the plaintiff alleged that the defendant knew that the brakes on the plaintiff's vehicle were defective; that the defects could not be easily detected; and that, without repair, the defects could cause sudden brake failure. Id., 120. The court concluded CT Page 6510 that "[t]he evidence admissible under the complaint allows for the presentation of facts necessary to satisfy the `reckless disregard' requirement under the statute." Id.
In the present case, the plaintiff alleges that the defendant is liable to the plaintiff under the Product Liability Act in one or more of the following respects:
 A. in that the defendant breached an implied warranty of merchantability in that it sold a can of soup with a foreign and/or dangerous and defective substance of a chicken bone in it . . . ;
 B. in that the defendant breached express warranties that the can of soup was safe and effective for its intended use by selling the can when it contained a chicken bone;
 C. in that the defendant is strictly liable to the plaintiff because it sold the Chicken Noodle Soup can which contained the chicken bone . . . ;
 D. in that the defendant was negligent in selling the can of Chicken Noodle Soup which contained a chicken bone . . . ; and
 E. in that the warnings and instructions which were given . . . were inadequate and failed to provide sufficient notice to the plaintiff . . . that of [sic] foreign and/or dangerous substance was contained in said can.
The plaintiff has not alleged facts in the complaint necessary to satisfy the "reckless disregard" requirement under the Product Liability Act. The plaintiff has not alleged either that the defendant knew or had reason to know a chicken bone was in the soup can or that the defendant intended to harm the plaintiff. Since the plaintiff has failed to allege sufficient facts to support her claim for punitive damages, the motion to strike must be granted.
CONCLUSION
Based on the foregoing, the defendant's motion to strike the CT Page 6511 plaintiff's claim for punitive damages contained in her prayer for relief is granted.
So ordered.
Michael Hartmere, Judge