[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION: MOTION TO STRIKE
The plaintiff has filed a complaint in two counts against the defendants, H.J. Heinz Company and Star-Kist Foods, Inc. In the first count of the complaint, the plaintiff alleges a products liability claim for injuries that she allegedly received while opening a can of cat food manufactured, distributed and sold by the defendants. The plaintiff then alleges, in the second count, that the harm suffered by the plaintiff was caused by the defendants' reckless disregard for the safety of product users and consumers. The plaintiff thereby seeks punitive damages in the second count pursuant to General Statutes § 52-240b.
The defendants have filed a motion to strike the second count of the complaint and the second prayer for relief which requests an award for punitive damages.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Novametrix Medical Systems Inc. v. BOCGroup. Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). A party may also "utilize a motion to strike in order to test the legal sufficiency of a prayer for relief." Central New HavenDevelopment Corp. v. Potpourri, Inc., 39 Conn. Sup. 132, 133,471 A.2d 681 (1983). When reviewing a motion to strike, "[t]he court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) NovametrixMedical Systems, Inc. v. BOC Group. Inc., supra, 215.
The defendants move to strike the plaintiff's second count and second prayer for relief on the grounds that the plaintiff has failed to allege sufficient facts to establish a claim pursuant to § 52-240b that the defendants acted recklessly.
General Statutes § 52-240b provides that "[p]unitive damages may be awarded if the claimant proves that the harm suffered was the result of the product seller's reckless disregard for the safety of product users, consumers or others who were injured by the product." Ames v. Sears. Roebuck Co.,8 Conn. App. 642, 655, 514 A.2d 352, cert. denied, 201 Conn. 809,515 A.2d 378 (1986). "There is nothing in the product liability act that suggests that the phrase reckless disregard is to be given a unique interpretation." (Internal quotation marks omitted.) Johnson v. Stop Shop Companies, Inc., Superior Court, judicial district of New Haven, Docket No. 358057 (June 8, 1994, CT Page 1805 Hartmere, J.). According to the Supreme Court of Connecticut, "[p]unitive damages are awarded when the evidence shows a reckless indifference to the rights of others or an intentional or wanton violation of those rights." (Internal quotation marks omitted.) Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509,532, 562 A.2d 1100 (1989).
In the present case, the plaintiff alleges that the defective product caused the plaintiff's injuries "in one or more of the following ways: a). in that the product was in a defective and unreasonably dangerous condition and could not be used without unreasonable risk of injury to the plaintiff; b). in that [the defendants] misrepresented the safety of the product through advertising, promotion and/or other means; c). in that [the defendants] impliedly warranted that said product was of merchantable quality and safe for users and consumers thereof; d). in that [the defendants] impliedly warranted that said product was fit for the particular uses and purposes intended, and Carol W. Andrews relied on said warranties; e). in that [the defendants] failed to provide adequate warnings to users of said product; f). in that [the defendants] negligently manufactured the product; g). in that [the defendants] negligently designed the product; h). in that [the defendants] negligently tested the product; i). in that [the defendants] failed to warn users of the dangerous propensities of the product; and, j). in that [the defendants] provided inaccurate or incomplete instructions for the opening of said product, and said instructions failed to provide sufficient notice to the plaintiff of the dangerous propensities of said product." (Plaintiff's Complaint, June 26, 1996, para. 7). The plaintiff incorporated these allegations in the second count of the complaint to support her claim under § 52-240b.
The plaintiff, however, fails to state in these allegations that the defendants were aware of the alleged defects and continued to manufacture, sell and distribute the item despite such knowledge. The evidence admissible under the second count of the complaint does not "allow for the presentation of facts necessary to satisfy the reckless disregard requirement under the statute. . . ." Preferred Remodelers, Inc. v. General MotorsCorp., Superior Court, judicial district of Stamford, Docket No. 106084 (March 4, 1992). Therefore, the court must strike the second count of the plaintiff's complaint and the second prayer for relief which seeks punitive damages pursuant to § 52-240b. CT Page 1806
D'ANDREA, J.