[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTIONS TO STRIKE #202, #204 #215
The plaintiff, Thomas Disantis, brought the present action against the defendant, International Vault, Inc. ("International Vault"), by way of a single count complaint dated April 1, 1993. In his complaint the plaintiff alleges that as the result of International Vault's negligence and carelessness he was injured during a training drill that was conducted on International CT Page 8455 Vault's premises. The plaintiff claims that in the Spring of 1991 International Vault enlisted the aid of the Wolcott Volunteer Fire Department of which he was a member, in helping to test the impregnability of one of its vault walls. On that occasion, the Fire Department was able to breach the subject vault within a relatively short time period using a rescue tool known as the "jaws of life."
After making modifications to their vault wall, in part based on suggestions made by Fire Department personnel, International Vault again enlisted the aid of the Wolcott Volunteer Fire Department to help in testing the impregnability of their new vault wall. As a result, on June 19, 1991, members of the Fire Department, including the plaintiff, attempted to breach the new and improved vault wall. During this test the "jaws of life" became suddenly dislodged from the vault wall in such a manner as to strike the plaintiff and cause him serious personal injuries. He seeks damages for these injuries from International Vault.
The Town of Wolcott ("Wolcott") has paid worker compensation benefits to the plaintiff and they have intervened in this action for the purpose of seeking reimbursement for these payments. International Vault filed a two count counterclaim against Wolcott seeking indemnification and apportionment.
In addition, International Vault was granted permission to implead and cite in as third party defendants the Wolcott Volunteer Fire Department ("Fire Department"), Captain Paul R. Marti ("Marti") and Lieutenant Steven Savage ("Savage") of the Wolcott Volunteer Fire Department, and Hurst Emergency Products, a division of Hale Products, Inc. ("Hurst"), for indemnificaticn and apportionment purposes.
The plaintiff filed this Motion to Strike (#202) the apportionment counts of the third party complaints filed by International Vault against the Fire Department, Marti and Savage. Wolcott has moved to strike both the indemnification (count one) and apportionment (count two) counts of International Vault's counterclaim against it (#204). Marti has filed a motion to strike both counts of the third party complaint filed against him by International Vault(#215).
Presently before the court are: (1) the plaintiff's motion to strike the apportionment counts of the third party complaints filed by International Vault against the Fire Department, Marti CT Page 8456 and Savage (second counts respectively); (2) Wolcott's motion to strike the indemnification count of International Vault's counterclaim against it (count one); (3) Wolcott's motion to strike the apportionment count of International Vault's counterclaim against it (count two); and (4) third party defendant Marti's motion to strike both counts of the third party complaint filed against him by International Vault (seeking indemnification and apportionment).
The function of the motion to strike is to test the legal sufficiency or a pleading. R.K. Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 384, 650 A.2d 153 (1994). The motion to strike is appropriate when challenging the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Practice Book § 152; Waters v.Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "The sole inquiry [required of the court when addressing a motion to strike] is whether the plaintiff's allegations, if proved, state a cause of action." Levine v. The Bess and Paul Siegal HebrewAcademy of Greater Hartford, 39 Conn. Sup. 129, 132, 471 A.2d 679
(1983). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Faulknerv. United Technologies Corporation, 240 Conn. 576, 580, ___ A.2d ___ (1997).
INDEMNIFICATION COUNTS
Before the court considers the issue of apportionment against the Town of Wolcott and Marti, the court will consider the claims against the town of Wolcott and Marti for indemnification. Wolcott argues that International Vault has failed to sufficiently plead the elements necessary to set out a claim for indemnification.
The Supreme court said in Ferryman v. Groton, 212 Conn. 138,561 A.2d 432 (1989), the exclusivity provision of the workers' compensation statute bars a claim against the employer of the injured employee, unless the claim is for indemnification and an independent legal relationship can be found to exist between the employer and would-be indemnitee.[1] Since the challenged counts both sound in indemnification, the dispositive issue is whether or not the counts sufficiently allege an independent legal relationship between International Vault and the third party defendants so as to fall under the Ferryman exception to CT Page 8457 the exclusivity provision of the workers' compensation statute.
A search of the counterclaim against Wolcott, and the third party complaint against Marti, shows that each alleges an independent legal relationship between International Vault and the respective third party defendants. Specifically, International Vault's counterclaim reads in pertinent part that "[a]n independent legal relationship existed between International Vault and the Town of Wolcott by virtue of the agreement between International Vault and the Fire Department to conduct the test on the vault wall for their mutual benefit on June 21, 1991." (Counterclaim against the Town of Wolcott dated October 9, 1996, Count one, ¶ 12). As well, the counterclaim alleges that "[t]he town of Wolcott was in control of the situation to the exclusion of International Vault, in that the Fire Department was supervising the drill, had expertise in the use of hydraulic equipment employed and controlled the means and methods by which the drill was conducted." (Counterclaim against the Town of Wolcott, Count one, ¶ 8). The third party complaint against Marti reads in pertinent part that "[a]n independent legal relationship existed between International Vault and Captain Marti by virtue of their agreement to conduct the test on the vault wall for their mutual benefit on June 21, 1991." (Third Party Complaint against Captain Paul R. Marti dated April 16, 1997, Count one, ¶ 11). The complaint alleges further that "Captain Marti was in control of the situation to the exclusion of International Vault, in that he inspected the vault wall and agreed to conduct the drill, supervised the drill, suggested the changes making the Vault wall stronger than it had been during a previous test, had expertise in the use of hydraulic equipment employed and controlled the means and methods by which the drill was conducted." (Third Party Complaint against Captain Paul R. Marti, Count one, ¶ 7).
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Faulkner v.United Technologies Corporation, supra, 240 Conn. 580. As well, "what is necessarily implied in an allegation need not be expressly alleged." (Internal quotation marks omitted.) Knight v.F.L. Roberts and Company, Inc., 241 Conn. 466, 470-71, ___ A.2d ___ (1997), quoting Clohessy v. Bachelor, 237 Conn. 31, 33 n. 4,675 A.2d 852 (1996). International Vault has sufficiently pleaded facts that, if proven, set forth claims that the third party defendants had a duty to International Vault which was CT Page 8458 independent of any duty that they owed to the plaintiff, thus satisfying the Ferryman exception to the exclusive remedy provision of the workers' compensation statute. See Massaro v.Turpin, Superior Court, judicial district of New Haven at New Haven, Docket No. 348658 (November 5, 1996, Silbert, J.). The exact nature of those legal relationships, if indeed they do exist, and whether there has been the breach of any duty owed by Wolcott or Marti to International Vault because of those relationships, however, cannot be resolved on a motion to strike, "as resolution of those issues depends on evidence outside of the pleadings." Boland v. Connecticut Resources Recovery Authority,
Superior Court, judicial district of Fairfield a Bridgeport, Docket No. 296290 (May 11, 1995, Hauser, J.).
Wolcott's also argues that International Vault failed to sufficiently plead the elements necessary to set out a claim for indemnification. "Ordinarily there is no right of indemnity or contribution between joint tort-feasors. . . . Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury. . . . Under the circumstances described, [the Supreme Court] has distinguished between active or primary negligence, and passive or secondary negligence. . . . Indemnity shifts the impact of liability from passive joint tortfeasors to active ones. (Citations omitted; internal quotation marks omitted.) Kyrtatas v. Stop Shop, Inc.,205 Conn. 694, 697-98, 535 A.2d 357 (1988); Burkert v. PetrolPlus of Naugatuck, Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990);Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 412-16,207 A.2d 732 (1965)." (Internal quotation marks omitted.) Skuzinski v.Bouchard Fuels, Inc., 240 Conn. 694, 697, ___ A.2d ___ (1997).
International Vault's "third party complaint must allege facts sufficient to establish at least four separate elements in order to maintain a common law action for indemnity. These elements are: (1) that the other tortfeasor was negligent; (2) that that negligence, rather than [International Vault's], was the direct, immediate cause of the accident and injuries; (3) that the other tortfeasor was in control of the situation to the exclusion of [International Vault]; and (4) that [International Vault] did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor CT Page 8459 not to be negligent." (Internal quotation marks omitted.)Skuzinski v. Bouchard Fuels, Inc., supra, 240 Conn. 698, quotingKyrtatas v. Stop Shop, Inc., 205 Conn. 694, 698, 535 A.2d 357
(1988). Wolcott's claim is that International vault failed to satisfy the third requirement as set forth above.
In its counterclaim against Wolcott, after alleging that "[t]he Wolcott Fire Department operates under the direction of the Town of Wolcott"; (Counterclaim against the Town of Wolcott, Count one, ¶ 5); International Vault alleges that "[t]he Town of Wolcott was in control of the situation to the exclusion of International Vault, in that the Fire Department was supervising the drill, had expertise in the use of the hydraulic equipment employed and controlled the means and methods by which the drill was conducted." (Counterclaim against the Town of Wolcott, Count one, ¶ 8).
Generally, the question of exclusive control "should not be resolved on a motion to strike because the absence or presence of exclusive control is a question of fact." Skuzinski v. BouchardFuels, Inc., supra, 240 Conn. 704-05. If, however, the facts are such that any reasonable juror could find that the third party defendants did or did not have exclusive control of the situation, the issue becomes a question of law which can be resolved on a motion to strike. Id., 705.
When addressing a motion to strike the court's sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action." Levine v. The Bess and Paul Siegal Hebrew Academy ofGreater Hartford, supra, 39 Conn. Sup. 132. "The court must construe the facts in the complaint most favorably to the plaintiff." Faulkner v. United Technologies Corporation, supra,240 Conn. 580. Construing the facts in the counterclaim most favorably to International Vault, the court cannot determine, as a matter of law, that the allegations fail to show that Wolcott was in control of the subject drill to the exclusion of International Vault.
The court will deny both Wolcott's motion to strike the first count of International Vault's counterclaim and Marti's motion to strike the first count of International Vault's third party complaint against it.
APPORTIONMENT COUNTS
CT Page 8460
The plaintiff moves to strike the second counts of the third party complaints against the Fire Department, Marti and Savage, filed by International Vault; the Town of Wolcott moves to strike the second count of the third party complaint against it; and Captain Paul R. Marti moves to strike the second count of the third party complaint against him. All of these counts sound in apportionment and the moving parties allege that under the workers' compensation statute the respective third party defendants are immunized from any claims for liability apportionment.
International Vault seeks apportionment pursuant to General Statutes § 52-572h. General Statutes § 52-572h(c) provides that "[i]n a negligence action to recover damages resulting from personal injury . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages . . .".
General Statutes § 52-102 allows a nonparty to be made a party "if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy."
The moving parties claim that under the Connecticut Workers' Compensation Act, General Statutes § 31-275 et seq., the respective third party defendants are immune from apportionment liability and, therefore, that those counts that seek to make them apportionment defendants are legally insufficient.
The workers' compensation act provides in pertinent part that "an employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course or his employment." General Statutes §31-284 (a). As well, General Statutes § 31-293a states in pertinent part that the workers' compensation act "shall be the exclusive remedy Of [an] injured employee or dependent and no action may be brought against [a] fellow employee unless such wrong was wilful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle as defines in section 14-1." CT Page 8461
The moving parties rightfully argue that these statutes extend immunity beyond direct claims on behalf of an injured employee to indirect claims that attempt to breach the immunity of the workers' compensation statute, and cite to Durniak v.August Winter Sons, Inc., 222 Conn. 775, 610 A.2d 1277 (1992), as support for their argument. In Durniak, our Supreme Court held that a third party tortfeasor may not raise the negligence of the employer as a special defense when the employer has intervened in the personal injury action as party plaintiff in order to secure the employer's statutory right to reimbursement of workers' compensation benefits." Id., 777.
International Vault argues that in a footnote in Durniak,
however, the Supreme Court recognized an exception to the bar of the exclusivity provision of the workers' compensation statute.Durniak v. August Winter Sons, Inc., supra, 222 Conn. 782 n. 5. The court in that footnote merely indicated that a different result might follow if there existed a "independent relationship between the defendant and the employer". This is precisely what International alleges in its counterclaim and third party action. This court does not read the Durniac footnote to mean that if you assert a Ferryman claim you may also have a claim for apportionment. If you can sustain the Ferryman claim, that is a claim for indemnification, you will not need a claim for apportionment since the claim for indemnification is for one hundred percent reimbursement. If International sustains its claim for indemnity it will be reimbursed for all of its damages. The theory of indemnity asserted by International requires that it seeks total reimbursement "indemnity involves a claim for reimbursement in full from one whom a primary liability is claim to rest" Kaplan v. Merberg Wrecking Corporation supra, 412.
In any event there can be no claim for apportionment against the Town of Wolcott and Marti. The exclusivity provision of the workers' compensation statute bars a claim against the employer of the injured employee. The plaintiff's motion to strike the second counts of the third party complaints against the Fire Department, Marti and Savage; Wolcott's motion to strike the second count of the third party complaint against it; and Marti's motion to strike the second count of the third party complaint against him, are granted.
PELLEGRINO, J.