[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE NO. 102
This matter is before the court on the defendant, Enterprise Rent-a-Car's motion to strike the first count of plaintiff's complaint and its corresponding prayer of relief. The following facts are pertinent to a resolution of this motion.
On June 9, 1997, the plaintiff, Craig Kelly, filed a count complaint against the defendants, Ronald Stone (Stone) Enterprise Rent-A-Car Company (Enterprise). Count one all recklessness. Count two alleges negligence. The plain alleges that on June 9, CT Page 9702 1995, a motor vehicle operated by Stone and owned by Enterprise collided into the rear of the motor vehicle operated by the plaintiff and that he suffered injuries as a result.
On August 18, 1997, Enterprise filed a motion to strike count one of the complaint, as well as the corresponding prayer for relief seeking double and treble damages pursuant to General Statutes § 14-295, on the ground that the plaintiff has failed to plead facts sufficient to support a cause of action for recklessness.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The Court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkener v.United Techolgies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "A party may utilize a motion to strike in order to test the legal sufficiency of a prayer for relief." Central New HavenDevelopment Corp. v. Potpourri, 39 Conn. Sup. 132, 133,471 A.2d 681 (1983); Practice Book § 152(2).
The defendant argues that count one fails to state a claim for recklessness because it does not allege facts beyond those alleged in count two to support a negligence claim. The plaintiff responds that count one is legally sufficient because it alleges statutory recklessness pursuant to General Statutes § 14-295.
General Statutes § 14-295 provides: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219,14-222, 14-227a, 14-230, 14-234, 14-237,14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property."
A split of authority exists in the Superior Court regarding the pleading requirements of § 14-295. Smith v. MitsubishiMotors, Superior Court, judicial district of New London at New CT Page 9703 London, Docket No. 535161 (January 17, 1996, Hurley, J.). Some courts have held that a plaintiff must not only plead a statutory violation as set forth in § 14-295, but must also plead facts that would support a claim of recklessness at common law. Bravov. Watson, Superior Court, judicial district of New London at Norwich, Docket No. 107233 (October 2, 1995, Teller, J.); Pitkav. Ullrich, Superior Court, judicial district of New London, Docket No. 530000 (November 16, 1994, Austin, J.). Conversely, other courts have held that the plaintiff is only required to allege that the defendant deliberately or with reckless disregard violated one of the statutory provisions outlined in General Statutes § 14-295 and that such violation was a substantial factor in causing the plaintiff's injuries. Nowitz v. JBHTransport, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 335166 (January 27, 1997, Melville, J.); Smith v. Mitsubishi Motors, supra, Superior Court, Docket No. 535161; Bavolacco v. Medalis, Superior Court judicial district of Fairfield at Bridgeport, Docket No. 324479 (Sep. 14, 1995, Ballen, J.); Spencer v. King, Superior Court, judicial district of Middlesex at Middletown, Docket No. 069530 (September 16, 1993, Higgins, J.) ("[Section 14-295] does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness.")
This court has previously articulated its agreement with the first line of cases. Babkie v. Kinder, Superior Court, jucicial district of Fairfield at Bridgeport, Docket No. 314016 (June 30, 1995, Maiocco, J.). See Greason v. Chiaranda, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327696 (November 22, 1996, Maiocco, J.) (denying the motion to strike the count regarding recklessness because "the plaintiff has not merely realleged the facts already alleged in his negligence claims, such as a violation of General Statutes § 14-218a. . . .") Here, the plaintiff simply alleged that "[t]he collision was caused by the conduct of the defendant Ronald C. Stone in that he deliberately or with reckless disregard of the consequences: operated the automobile at an unreasonably fast rate of speed in violation of Connecticut General Statutes §14-218a." (Plaintiff's Complaint, Count One, ¶ 8.) Consequently, the court finds the plaintiff has not sufficiently pleaded a claim or recklessness under § 14-295 because the plaintiff has not alleged facts in excess of those alleged to support his claim in negligence. In addition, the plaintiff's allegation in Count One, ¶ 8 of the complaint that "the collision was caused by the conduct of the defendant Ronald C. CT Page 9704 Stone" "does not track the mandatory language of § 14-295
requiring that `such violation was a substantial factor in causing such injury . . . .'" Guinta v. Beverly, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 139852 (March 15, 1995, Nigro, J.). Accordingly, the court grants Enterprise's motion to strike as it pertains to count one of the complaint and the corresponding prayer for relief seeking double or treble damages.
The Court, MAIOCCO, JUDGE.