[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #103
On August 26, 1997, the plaintiff, Gary Alton, filed a two count complaint against the defendant, Kristen Davey. Count one alleges negligence. Count two alleges recklessness. The plaintiff alleges that on June 28, 1997, a motor vehicle owned and operated by the defendant struck the motor vehicle operated CT Page 1398 by the plaintiff. The plaintiff further alleges that he has suffered injuries as a result of this collision.
On November 5, 1997, the defendant filed a motion to strike count two of the complaint, as well as the corresponding prayer for relief seeking double or treble damages pursuant to General Statutes § 14-295, on the ground that the plaintiff has failed to plead facts sufficient to support a cause of action for recklessness.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. , 240 Conn. 576,580, 693 A.2d 293 (1997). "A party may utilize a motion to strike in order to test the legal sufficiency of a prayer for relief." Central New Haven Development Corp. v. Potpourri,39 Conn. Sup. 132, 133, 471 A.2d 681 (1983); Practice Book § 152(2).
The defendant argues that count two fails to state a claim for recklessness because it does not allege facts beyond those alleged in count one to support a negligence claim. The plaintiff responds that count two is legally sufficient because it alleges statutory recklessness pursuant to General Statutes § 14-295.
General Statutes § 14-295 provides: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a,14-219, 14-222, 14-227a, 14-230, 14-234,14-237, 14-239 or14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property."
A split of authority exists in the Superior Court regarding the pleading requirements of § 14-295. Smith v. MitsubishiCT Page 1399Motors, Superior Court, judicial district of New London at New London, Docket No. 535161 (January 17, 1996, Hurley, J.). Some courts have held that a plaintiff must not only plead a statutory violation as set forth in § 14-295, but must also plead facts that would support a claim of recklessness at common law. Bravo v. Watson, Superior Court, judicial district of Waterbury, Docket No. 129692 (March 13, 1996, McDonald, J.);Murray v. Krupa, Superior Court, judicial district of New London at Norwich, Docket No. 107233 (October 2, 1995, Teller, J.);Pitka v. Ullrich, Superior Court, judicial district of New London, Docket No. 530000 (November 16, 1994, Austin, J.). Conversely, other courts have held that the plaintiff is only required to allege that the defendant deliberately or with reckless disregard violated one of the statutory provisions outlined in General Statutes § 14-295 and that such violation was a substantial factor in causing the plaintiff's injuries.Nowitz v. JBH Transport Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 335166 (January 27, 1997, Melville, J.); Smith v. Mitsubishi Motors, supra, Superior Court, Docket No. 535161; Spencer v. King, Superior Court, judicial district of Middlesex at Middletown, Docket No. 069530 (September 16, 1993, Higgins, J.) ("[Section 14-295] does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness.")
This court has previously articulated its agreement with the latter line of cases. Mitchell v. Viscount, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 333831 (November 26, 1997, Skolnick, J.); Turbak v. Howard-ArnoldInc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 342875 (November 26, 1997, Skolnick, J.);Degray v. Sullens, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 047978 (May 23, 1995, Skolnick, J.). Here, the plaintiff has alleged that the defendant operated her motor vehicle with reckless disregard in violation of General Statutes § 14-218a and that such operation was a substantial factor in causing the plaintiff's injuries. Therefore, the court finds that the plaintiff has sufficiently pleaded a claim of statutory recklessness under § 14-295.[1]
Accordingly, the defendant's motion to strike as it pertains to count two of the complaint and the corresponding prayer for relief seeking double or treble damages is denied. CT Page 1400
SKOLNICK, JUDGE