[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
This case arises out of an automobile accident involving the plaintiff and a third party motorist who did not maintain insurance coverage on his vehicle. The plaintiff seeks to recover from her insurance company pursuant to the uninsured motorist provision of her own policy.
The plaintiff filed a complaint in count one of which the plaintiff simply sought recovery under the policy. In count two the plaintiff alleged that the defendant had breached the terms CT Page 10695 of the policy by failing to pay the plaintiff for injuries suffered in the accident. In count three the plaintiff alleged that the defendant breached its duty of good faith and fair dealing owed to the plaintiff under the insurance contract. Specifically, in paragraph 21 of count three, the plaintiff alleged that "[t]he defendant, in failing and refusing to pay the plaintiff for her injuries, pursuant to her uninsured motorist policy coverage, has acted with wanton, malicious or reckless indifference to the interests of its insured."
The defendant filed a motion to strike the second and third counts of the amended complaint on the ground that both counts failed to state legally sufficient claims upon which relief could be granted. On April 9, 1998, the court, D'Andrea, J., granted the defendant's motion to strike. In its memorandum of decision, the court noted that the plaintiff conceded at oral argument that the motion to strike the second count should be granted, and that the third count was legally insufficient since the plaintiff merely alleged that the defendant made no attempt to settle the claim and failed to allege that the defendant had a "dishonest purpose" in denying coverage. See Ryan v. Allstate Indemnity Co., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 142573 (April 9, 1998, D'Andrea, J.), quoting Gupta v. New Britain General Hospital, 239 Conn. 574,598, 687 A.2d 111 (1996). Thus, the court granted the defendant's motion to strike.
Subsequently, the plaintiff filed a substitute complaint which deleted the second count of the amended complaint, and repled the third count of the amended complaint in count two of the substitute complaint. In pleading over the breach of good faith and fair dealing claim, the plaintiff deleted original paragraph 21 of the amended complaint and substituted it with paragraph 17 of the substitute complaint. Paragraph 17 alleges that "[t]he defendant, in failing and refusing to pay the plaintiff for her injuries, pursuant to her uninsured motorist policy coverage, has acted in bad faith, and with a dishonest purpose."
The defendant then filed a request to revise the second count of the substitute complaint by deleting it in its entirety since the count fails to state with particular sufficiency the substance of the defendant's "dishonest purpose." The plaintiff's objection to the request to revise was sustained by the court.
Thereafter, the defendant filed a motion to strike the second CT Page 10696 count of the substitute complaint and the accompanying claims for relief, on the ground that the plaintiff has failed to plead sufficient facts to state a claim for breach of the implied duty of good faith and fair dealing in an insurance contract.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint, or count thereof, to state a claim upon which relief can be granted. SeePeter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998); Practice Book § 152(1), now Practice Book (1998 Rev.) § 10-39(a)(1). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Brothers, Inc. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
The motion to strike may also be used to contest the legal sufficiency of any prayer for relief. See Kavarco v. T.J.E.,Inc., 2 Conn. App. 294, 298 n. 4, 478 A.2d 257 (1984); Central NewHaven Development Corp. v. Potpourri, Inc., 39 Conn. Sup. 132,133, 471 A.2d 681 (1983); Practice Book § 10-39(a)(2).
In support of its motion to strike the second count of the plaintiff's substitute complaint, the defendant argues that the plaintiff fails to allege facts supporting a cause of action for breach of the covenant of good faith and fair dealing.
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement. . . . Bad faith means more than mere negligence; it involves a dishonest purpose." (Citations omitted; internal quotation marks omitted.) Gupta v. New Britain General Hospital,
supra, 239 Conn. 598. The implied covenant of good faith and fair dealing applies to insurance contracts. See, e.g., Verrastro v.Middlesex Ins. Co., 207 Conn. 179, 190, 540 A.2d 693 (1988); CT Page 10697Buckman v. People Express, Inc., 205 Conn. 166, 170, 530 A.2d 596
(1987). "[W]hen the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort." (Internal quotation marks omitted.) L.F. Pace Sons, Inc. v. Travelers Indemnity Co., 9 Conn. App. 30, 46,514 A.2d 766, cert. denied, 201 conn. 811, 516 A.2d 886 (1986).
"[B]ad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity . . . it contemplates a state of mind affirmatively operating with furtive design or ill will." (Internal quotation marks omitted.) Buckman v. PeopleExpress, Inc., supra, 205 Conn. 171 (quoting from trial court's jury instructions). "In order to make [such a claim] the plaintiff must allege that the defendant did more than simply deny the plaintiff's claim." Imperial Casualty Indemnity Co. v.ITT Hartford Ins. Group, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 551251 (January 31, 1997, Spada, J.). The claim "must be alleged in terms of wanton and malicious injury, evil motive and violence for outrageous conduct, that is, for acts done with a bad motive or with reckless indifference to the interest of others." (Internal quotation marks omitted.) Saint Francis Hospital Medical Centerv. DeCaro, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 705814 (December 9, 1996, Wagner, J.T.R.).
The second count of the plaintiff's amended complaint includes no specific allegations that meet the standards set out by the courts for conduct that breaches the implied covenant of good faith and fair dealing, and is essentially an impermissible legal conclusion. Other than incorporating the allegations of the first count, which contain no claims of dishonest purpose, malicious injury, evil motive or outrageous conduct, the second count fails to allege further conduct by the defendant that breaches the covenant. Rather, the second count merely concludes that "[t]he defendant, in failing and refusing to pay the plaintiff for her injuries, pursuant to her uninsured motorist policy coverage, has acted in bad faith, and with a dishonest purpose" without alleging facts to support that conclusion. Compare Waugh v. Nationwide Mutual Ins. Co., Superior Court, judicial district of New Haven at Meriden, Docket No. 244326 (January 5, 1995, Silbert, J.) (allegations that defendant, in refusing to pay policy limits under circumstance of case, "acted with extreme indifference to its obligations owed to the CT Page 10698 plaintiff and in bad faith," was insufficient to state a claim) and Deleonardo v. Metropolitan Casualty Surety Co., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 142770 (September 10, 1996, Karazin, J.) (allegations that "defendant, by refusing to pay the amount demanded by the plaintiff has breached an implied covenant of good faith and fair dealing, contrary to its obligation to deal with the plaintiff, its insured, in a fair and reasonable manner" failed to allege sufficient facts to state a claim), with Saint Francis Hospital Medical Center v. DeCaro, supra, Superior Court, Docket No. 705814 (allegations, inter alia, that defendant omitted or misrepresented "to third-party plaintiffs pertinent facts and provisions relating to coverage under . . . contract of insurance" alleged sufficient facts to state claim for breach of covenant of good faith and fair dealing).
Accordingly, the court grants the defendant's motion to strike the second count of the substitute complaint for failure to state a claim upon which relief can be granted and any accompanying prayers for relief.
D'ANDREA, J.