[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Michael Thompson, has brought this action against the defendants, Suzanne Buckler, Janine Campuzano, and Omni Leasing Corporation, for personal injuries sustained in an automobile accident. The plaintiff alleges that while he was the passenger in an automobile owned and operated by the defendant, Campuzano, he exited her car and was struck when a car operated by the defendant, Buckler, and owned by the defendant, Omni Leasing, reversed from its parking space.
In the first count of the amended complaint, the plaintiff alleges that his injuries were "caused by negligence and carelessness of the defendant, Buckler." The second count alleges recklessness against the defendant, Buckler. The third count alleges negligence against the defendant, Campuzano. The fourth count alleges that the defendant, Omni Leasing, is "liable for the damage caused by the defendant Buckler." CT Page 55
The defendants, Buckler and Omni Leasing, filed a motion to strike "the plaintiff's claim for double or treble damages . . . as the Second Count fails to state a cause of action in reckless misconduct, and therefore, statutory and common law punitive damages are not warranted." Specifically, they argue that "the plaintiff is just reiterating the same acts in each count" and that the second count does not allege facts which state a cause of action for recklessness.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint, or count thereof, to state a claim upon which relief can be granted. SeePeter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998); Practice Book § 10-39(a)(1) (formerly § 152(1)). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.)Liljedahl Brothers, Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
The motion to strike may also be used to contest the legal sufficiency of any prayer for relief. See Kavarco v. T.J.E.,Inc., 2 Conn. App. 294, 298 n. 4, 478 A.2d 257 (1984); CentralNew Haven Development Corp. v. Potpourri, Inc., 39 Conn. Sup. 132,133, 471 A.2d 681 (1993); Practice Book § 10-39(a)(2) (formerly § 152).
The defendants filed a motion to strike the plaintiff's claim for double or treble damages, arguing that the second count of the amended complaint "fails to state a cause of action in reckless misconduct, and therefore, statutory and common law punitive damages are not warranted." They argue that "the plaintiff is just reiterating the same facts" alleged in the first count sounding in negligence, "with the mere assertion of the word `recklessness' and contends that that count then sounds in reckless misconduct." The plaintiff objects to this motion on CT Page 56 both procedural grounds and on the merits.
The plaintiff first argues that the motion to strike must be denied on procedural grounds as the right to bring the instant motion to strike has been waived since the plaintiff previously filed an answer to the complaint. Practice Book § 10-6
(formerly § 112), which dictates the order of pleadings, provides that a defendant's motion to strike the complaint must be filed prior to a defendant's answer.
In this case, the defendants filed an answer to the plaintiff's amended complaint on September 6, 1996. On February 5, 1998, the plaintiff filed a request to amend the complaint again. Since there was no objection by the defendants within fifteen days, the amended complaint was deemed filed. Practice Book §10-60(a)(3) (formerly § 176(a)(3)). Following the filing of an amended complaint, the defendant has ten days to plead thereto. Practice Book § 10-61 (formerly § 177). "If the adverse party fails to plead further, pleadings already filed by the adverse party shall be regarded as applicable so far as possible to the amended pleading." Id. Since the defendants did not file any further pleadings within ten days of the filing of the amended complaint dated February 4, 1998, the answer filed earlier on September 6, 1998 becomes the applicable answer.
When the defendants filed their motion to strike on March 11, 1998, it did not comply with the time prescribed by the Practice Book. The motion to strike was filed after the answer and in violation of Practice Book § 10-6 (formerly § 112). Therefore, the plaintiff's objection to the defendant's motion to strike is sustained on procedural grounds.
The defendants' motion to strike is also denied on the merits. The defendants, in their motion to strike the second count, argue that the facts alleged do not state a cause of action in recklessness, but merely reiterate the first count negligence claim and simply place a different label on it. The plaintiff objects, arguing that he has alleged facts sufficient to support his claim for double and treble damages since he has sufficiently alleged facts stating a cause of action for reckless misconduct.
"Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence. . . . The state of mind amounting to CT Page 57 recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . ." (Citations omitted; internal quotation marks omitted.) Dubay v.Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988).
"The allegations of one count of a complaint based on common law reckless conduct must be separate and distinct from the allegations of a second count sounding in negligence. . . . There is a wide difference between negligence and reckless disregard of the rights or safety of others. . . . A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made. . . . In other words, it is clearly necessary to plead a [common law] cause of action grounded in recklessness separate and distinct from a negligence action." (Alterations in original; internal quotation marks omitted.) Epner v. Theratx,Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 161989 (Mar. 10, 1998, D'Andrea, J.). "In short, an action sounding in reckless conduct requires an allegation of an intentional act that results in injury." Id.
In the present case, the plaintiff pleads separately the causes of action for negligence and recklessness. In the first count, the plaintiff pleads facts which amount to a cause of action in negligence. The second count includes the allegations of negligent conduct and adds that the defendant, Buckler, "knew, or should have known, that her conduct resulted, or would result, in serious danger to others; . . . knew or should have known that her conduct involved a risk of substantial harm to others; . . . acted with a reckless disregard of the safety and rights of the plaintiff . . . acted with a reckless disregard of the consequences of her actions; and operated said motor vehicle deliberately or with reckless disregard for human life, health, and safety." The plaintiff also alleges that the alleged reckless conduct "was a substantial factor in causing . . . injuries to the plaintiff."
The plaintiff properly pleads all of the elements necessary to support a claim of recklessness. It may be properly inferred, from the second count, that the plaintiff is alleging that the defendant, Buckler, intentionally disregarded the safety, health and rights of the plaintiff. See Ferryman v. Groton,212 Conn. 138, 146, 561 A.2d 432 (1989) ("What is necessarily implied need not be expressly alleged." (Internal quotation marks omitted.)). CT Page 58 Therefore, the defendant's motion to strike is also denied on the merits since the plaintiff does allege facts sufficient to state a cause of action in recklessness.
Since the motion to strike is procedurally invalid and the plaintiff has stated a cause of action in recklessness, thereby allowing for the claim of double and treble damages, the defendants' motion to strike is denied and the plaintiff's objection thereto is sustained.
So Ordered.
D'ANDREA, J.