[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Renee Kopesky, the administratrix for the CT Page 10639 estate of Tiffany Jean Kopesky, brought this action against the defendant, Connecticut American Water Company, for damages sustained by the plaintiffs decedent. The plaintiff alleges that the plaintiffs decedent sustained fatal injuries on the defendant's property, when she fell from a rope swing as she attempted to swing out into the water. The plaintiff alleges that the defendant was aware that the public entered their private property to go swimming, hiking, camping and fishing. In the first count of the amended complaint, the plaintiff alleges that the plaintiffs decedent suffered severe painful and fatal injuries as a result of the defendant's negligence and carelessness. In the second count, the plaintiff alleges that the defendant's "acts and/or omissions . . . were done recklessly, wantonly, carelessly and with a reckless disregard for the consequences of its acts and/or omissions."
The defendant moves to strike count two of the plaintiffs amended complaint and that portion of the prayer for relief claiming punitive damages. The defendant argues that "count two is legally insufficient because a claim for recklessness cannot be established by relying upon the same set of facts used to establish negligence. The second count of plaintiffs amended complaint simply restates the facts underlying the plaintiffs claim for negligence. Reiterating the same underlying facts of a negligence claim and renaming the claim as one for recklessness does not transform ordinary negligence into recklessness."
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of the complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael. Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[F]or purposes of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994); see also Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp. , 240 Conn. 576, 580, 693 A.2d 293 (1997).
The motion to strike may also be used to contest the legal sufficiency of any prayer for relief. See Kavaro v. T.J.E., Inc.,2 Conn. App. 294, 298 n. 4, 478 A.2d 257 (1984); Central New HavenDevelopment Corp. v. Potpourri, Inc., 39 Conn. Sup. 132, 133,471 A.2d 681 (1993); Practice Book § 10-39(a)(2). CT Page 10640
"Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence. . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid a danger to others or to take reasonable precautions to avoid injury to them. . . ." (Citations omitted; internal quotation marks omitted.) Dubay v.Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988).
This court has previously held that "[t]he allegations of one count of a complaint based on a common law reckless conduct must be separate and distinct from the allegations of a second count sounding in negligence. . . . There is a wide difference between negligence and reckless disregard of the rights or safety of others. . . . A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made. . . . In other words, it is clearly necessary to plead a [common law] cause of action grounded in recklessness separate and distinct from a negligence action." (Alterations in original; internal quotation marks omitted.) Thompson v. Buckler, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 153798 (Jan. 27, 1999, D'Andrea, J.); Epner v. Theratx, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 161989 (Mar. 10, 1998, D'Andrea, J.). "In short, an action sounding in reckless conduct requires an allegation of an intentional act that results in injury." Id.
"In order to rise to the level of recklessness, [the] action producing the injury must be intentional and characterized by highly unreasonable conduct which amounts to an extreme departure from ordinary care. . . ." (Alterations in original; internal quotation marks omitted.) Epner v. Theratx. Inc., supra, Superior Court, Docket No. 161989, citing Dubay v. Irish, 207 Conn. 518,532, 542 A.2d 711 (1988). In the present case, viewing the allegations in the light most favorably to the plaintiff, the allegations do rise to the level of recklessness.
"[I]f the alleged facts constitute recklessness . . . using the same facts in the negligence count does not prevent them from also being reckless. The test is whether the alleged facts amount to recklessness." Walters v. Turrisi, Superior Court, judicial district of New London at New London, Docket No. 541162 (Apr. 15, 1997, Hurley, J.). "The mere fact that the allegations and CT Page 10641 factual assertions in a reckless count are the same or similar to one in a negligence count shouldn't ipso facto mean the reckless count cannot be brought. The test is whether the facts alleged establish a reckless count. If they do all it would mean is that the plaintiff is pleading in the alternative." Cancisco v.Hartford, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 519929 (June 26, 1995,Corradino, J.).
In this case, viewing the complaint in the light most favorably to the plaintiff, the plaintiff has alleged facts sufficient to state causes of action sounding in negligence and recklessness. The first count of the plaintiffs amended complaint contains twenty-five paragraphs of allegations relating to the defendant's conduct regarding the incident in question. In the first count, the plaintiff alleges that that conduct amounts to the defendant's negligence and/or carelessness.
In the second count, the plaintiff realleges and incorporates those twenty-five paragraphs from the first count and then alleges, in paragraph twenty-six, that the aforementioned conduct indicates that the defendant acted recklessly, wantonly and with a reckless disregard for the consequences. The allegations in the second count do rise to the level of recklessness. Accordingly, the plaintiff has pled an alternative cause of action sounding in recklessness, separate and distinct from the negligence count. Therefore, the defendant's motion to strike the second count of the plaintiffs amended complaint, and that portion of the prayer for relief claiming punitive damages, is hereby denied.
So Ordered.
D'Andrea, J.