[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE
The defendant has filed a motion to strike the Second Count of the plaintiffs Second Amended Complaint, dated April 25, 2002. The motion to strike is filed pursuant to Practice Book § 10-39.
The plaintiff filed a one count complaint sounding in negligence against the defendant with a return date of December 18, 2001. An amended complaint sounding in one count, dated March 20, 2002 was also filed by the plaintiff. Subsequently on April 25, 2002, the plaintiff filed a second amended complaint adding a second count alleging a breach of contract.
The defendant argues that pleading both a negligence count and a breach of contract count in the same complaint is in direct contradiction to Practice Book § 10-65 and General Statutes § 52-136. The court disagrees.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiffs complaint [does not] sufficiently [state] a cognizable cause of CT Page 7809 action as a matter of law." Mora v. Aetna Life and Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Id. "A motion to strike is properly granted where a plaintiffs complaint alleges legal conclusions unsupported by facts." Id. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541-50, 427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiffs complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1
(1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985). However, if the plaintiff has alleged mere conclusions of law unsupported by the requisite facts, the motion to strike should be granted. Cavallo v. Derby Savings Bank, 188 Conn. 281,285, 449 A.2d 986 (1982). A party may also use a motion to strike to challenge the sufficiency of a prayer for relief Central New HavenDevelopment Corp. v. Potpourri, Inc., 39 Conn. Sup. 132, 133, 471 A.2d 681
(1983).
 II.
The defendant relies on Practice Book § 10-65 and General Statutes § 52-136 to claim that the plaintiff is not permitted to amend its complaint as it has done. The court finds that these sections act to permit the plaintiff to amend its complaint to add a breach contract count which arises from the same act or occurrence that the negligence count complains of.
General Statutes § 52-136 provides:
"A complaint in an action brought for breach of contract may be amended so as to set forth instead a cause of action founded on a tort, arising from the same transaction or subject of action; and any CT Page 7810 complaint founded on a tort may be amended so as to set forth instead a cause of action for a breach of contract arising out of the same transaction or subject of action."
Practice Book § 10-65 provides:
 "A complaint for breach of contract may be amended so as to set forth a cause of action founded on a tort arising from the same transaction or subject of action; and a complaint founded on a tort may be amended so as to set forth a cause of action for a breach of contract arising out of the same transaction or subject of action." (See General Statutes § 52-136
and annotations.)
The plaintiff has amended its complaint to add a cause of action in breach of contract. The breach of contract is claimed to arise out of the same transaction that the negligence cause of action is based on. This is permitted.
The motion to strike the Second Count of the plaintiffs second amended complaint is hereby denied.
The Court
 by Arnold, J.