[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 8, 1997, the plaintiff, Martha Schlicher, filed a three count complaint against the defendant, Kenneth Schwartz. The first count seeks to foreclose upon a mortgage deed held by Schlicher. According to the complaint, the plaintiff and the defendant entered into a May 27, 1993 agreement whereby the defendant would satisfy his debt of $300,000 to the plaintiff. This debt originated from the plaintiff's sale of real property to the defendant. In order to secure his indebtedness under said agreement, the plaintiff claims, Schwartz executed and recorded a mortgage deed in her favor. The plaintiff alleges that the defendant has failed to reimburse her for property taxes and expenses that she paid in order to prevent a public auction of the property.
In her second count, the plaintiff claims that the defendant failed to pay her a share of the profits from the sale of a home situated on the property, as the May 27, 1993 agreement required. The third count of the complaint alleges unjust enrichment by the defendant. Finally, the plaintiff's prayer for relief seeks attorney's fees in addition to money damages.
On November 21, 1997, the defendant filed a motion to strike the complaint's first and second counts and the accompanying prayer for relief. The basis of the motion to strike is legal insufficiency. Pursuant to Practice Book § 155, the defendant filed a memorandum of law in support of his motion to strike. On December 29, 1997, the plaintiff filed a memorandum of law in opposition to the defendant's motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Faulkner v.United Technologies Corp. , 240 Conn. 576, 580, 693 A.2d 293
CT Page 1147 (1997). The legal sufficiency of the plaintiff's prayer for relief may be raised by a motion to strike. Kavarco v. T.J.E.,Inc., 2 Conn. App. 294, 298 n. 4, 478 A.2d 257 (1984). A motion to strike challenging the legal sufficiency of the plaintiff's prayer for relief relates to a claim "before trial, that, assuming the truth of the allegations in the complaint, the relief sought could not be legally awarded to the plaintiff." Id. "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." R K Constructors. Inc. v. Fusco Corp. ,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." NovametrixMedical Systems. Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. , supra,240 Conn. 580. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autori, 236 Conn. 820, 825, 676 A.2d 357
(1996). The Connecticut Supreme Court "will not uphold the granting of [a] motion to strike on a ground not alleged in the motion nor relied upon by the trial court." Blancato v. FeldsparCorp. , 203 Conn. 34, 44, 522 A.2d 1235 (1987).
In support of the motion to strike, the defendant claims that the first count of the complaint is legally insufficient because the mortgage deed is not valid. Specifically, the defendant cites the fact that the defeasance clause of the mortgage deed was crossed out by the plaintiff. As such, the defendant contends that the plaintiff cannot foreclose on a mortgage that denied the defendant the opportunity to redeem legal title. The defendant argues that the second count of the plaintiff's complaint is legally insufficient because it fails to allege that the defendant actually made a net profit on the sale of a home located on the property. According to the defendant, the May 27, 1993 agreement only required the defendant to share profits if in fact there were net profits from the sale. An allegation that there were net profits from the sale is a condition precedent to a demand for sharing of the profits, in the defendant's view. Finally, the defendant claims that the plaintiff's prayer for relief is legally insufficient because the agreement in question does not provide for attorney's fees and the plaintiff has not invoked a statute that provides for such relief.
The plaintiff claims that the court should not grant the CT Page 1148 motion to strike the first count because the determination of whether or not there is a valid mortgage requires examination of the parties' intent. Essentially, the plaintiff argues that such a determination must be left to the fact finder. In the alternative, the plaintiff argues that the defeasance language is contained in the agreement. The plaintiff cites the provisions of the agreement which provide for the partial release of the mortgage when the defendant sells lots on the property. With regard to the second count, the plaintiff contends that it should not be stricken because the second count references paragraph five of the agreement and necessarily alleges that the defendant made a profit on the sale in question. Finally, the plaintiff acknowledges that the prayer for relief fails to cite a statutory provision allowing for the recovery of attorney's fees. As such, the plaintiff requests the opportunity to amend the prayer for relief in order to cite General Statutes § 52-249.
In determining whether the mortgage deed in question is valid, this court finds helpful the analysis contained in Devlinv. Wiener, 232 Conn. 550, 656 A.2d 664 (1995). Devlin v. Wiener
involved an appeal of the trial court's decision that the mortgage deed was valid. In reviewing the trial court's ruling, the Connecticut Supreme Court determined that the mortgage deed would not be held invalid because it lacked a statement of the specific amount of the debt secured. Devlin v. Wiener, supra, 556. Rather, the court found that because the mortgage deed referred to an underlying sales agreement and the location of that agreement, the mortgage deed did not affirmatively misidentify the characteristics of the obligation. Id. As such, the court stated that the efficacy of the mortgage deed could be determined by analyzing the sufficiency of the underlying agreement. Id. Upon analyzing the sufficiency of the underlying agreement, the court held that the method of performance was definitive because the agreement established numerous ways in which the defendant could have satisfied its obligation to the plaintiff. Devlin v. Wiener, supra, 558, 559.
Similarly, the mortgage deed in this case makes reference to the May 27, 1993 agreement between the plaintiff and defendant. Moreover, the location of the agreement could not be in question because a copy of the agreement was attached to the mortgage deed. Accordingly, the efficacy of the mortgage deed can be determined by analyzing the sufficiency of the underlying agreement. CT Page 1149
Again, the defendant claims that the mortgage deed is invalid because it does not provide him with the ability to regain legal title to the property. Paragraph six of the agreement, however, states that at such time as the plaintiff receives an aggregate of $300,000 from sales under either paragraphs four or five of the agreement, that the agreement shall terminate and the plaintiff shall release the defendant from any further obligations. Paragraph four provides for the allocation of proceeds from the sale of lots on the property while paragraph five concerns the division of profits from the sale of homes on the property. Thus, it is clear that the defendant could satisfy his obligation to the plaintiff by selling either lots or homes on the property. Because the underlying agreement between the plaintiff and the defendant specifies how the defendant may redeem legal title to the property, the mortgage deed is valid and the defendant's motion to strike the first count fails.
In considering the motion to strike the second count, this court does not have to determine whether an allegation of net profits is a condition precedent to a demand for the sharing of profits because the second count sufficiently alleges net profits. Paragraph six of the second count states that the defendant violated paragraph five of the May 27, 1993 agreement by selling a home on the property without paying the plaintiff a share of the profits. The fifth paragraph of the agreement provides that net profits from the sale of a home on the property shall be divided equally after costs are deducted and the plaintiff is paid $15,000. It follows that the plaintiff alleges net profits were made on the sale of a home on the property. Accordingly, the motion to strike the second count of the complaint is denied.
Finally, the prayer for relief is stricken because the plaintiff failed to invoke a provision in the agreement or a statute that would allow for attorney's fees. The plaintiff acknowledges that the agreement in question does not provide for attorney's fees. As such, the plaintiff wishes to cite the language of General Statutes § 52-249 in her prayer for relief. Practice Book § 157 offers the plaintiff an opportunity to file a new pleading that contains the desired prayer for relief.
For the reasons discussed, the defendant's motion to strike is denied as to counts one and two but granted as to the prayer for relief. CT Page 1150
HON. WALTER M. PICKETT, JR. State Judge Referee