NICHOLAS KAVARCO ET AL. *v.* T.J.E., INC., ET AL.
(2342)

HULL, DUPONT and BORDEN, Js.

Argued February 7—decision released July 17, 1984

*Harry Cohen,* for the appellants (named defendant et al.).

*Michael J. Mannion,* with whom, on the brief, was *Karin NeJame,* for the appellees (plaintiffs).

DUPONT, J. The plaintiffs, alleging that they would not have purchased their unimproved lot in a certain subdivision absent a representation by the defendants[1] that single family houses would be built on lots surrounding their land, sought to set aside the conveyance of that land to them. The trial court rendered judgment for the plaintiffs, ordering that they reconvey the real estate to the defendant T.J.E., Inc., and that the defendants repay them the original purchase price. From this judgment, the defendants appeal.[2] The trial court also rendered judgment for a third party defendant, the real estate agent of the defendants, on a third party complaint in which the defendant, T.J.E., Inc., sought damages from the agent in an amount equal to any judgment rendered against it in favor of the plaintiffs.[3]

The plaintiffs' complaint alleges all of the elements of fraudulent misrepresentation. These are that a false representation was made as to a statement of fact, that

---

[1] The defendants are T.J.E., Inc., and Davis and Sunderland, Inc. The former corporation is a successor corporation to the latter. The plaintiffs purchased the realty from Davis and Sunderland, Inc., which later conveyed the remaining lots in the subdivision to T.J.E., Inc. In this opinion, the word "defendants" applies to both corporations.

[2] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[3] No appeal was taken from the judgment for the third party defendant.

it was untrue and known by the defendants to be untrue, that it was made to induce the plaintiffs to buy the realty, and that they acted upon the false representation to their detriment. *J. Frederick Scholes Agency* v. *Mitchell,* 191 Conn. 353, 358, 464 A.2d 795 (1983); *Wedig* v. *Brinster,* 1 Conn. App. 123, 132, 469 A.2d 783 (1983). The trial court made findings of fact in the plaintiffs' favor regarding these allegations of the complaint. The trial court did not, however, state in its memorandum of decision what standard of proof was used in arriving at the findings.

Connecticut law has firmly established that fraud must be proven by a standard more exacting than that of a fair preponderance of the evidence. *J. Frederick Scholes Agency* v. *Mitchell,* supra. The standard of proof for some cases such as those involving the acquisition of title by adverse possession, the termination of parental rights, libel, fraud, or reformation of a deed or contract is that of clear and convincing proof, a standard greater than proof by a fair preponderance of the evidence but less than proof beyond a reasonable doubt. *J. Frederick Scholes Agency* v. *Mitchell,* supra; *In re Juvenile Appeal (83-AB),* 189 Conn. 58, 60, 454 A.2d 271 (1983); *Lopinto* v. *Haines,* 185 Conn. 527, 534–35, 441 A.2d 151 (1981); *Dacey* v. *Connecticut Bar Assn.,* 170 Conn. 520, 534–37, 368 A.2d 125 (1976); *Clark* v. *Drska,* 1 Conn. App. 481, 486, 473 A.2d 325 (1984).

The trial court found various facts. Among them were that the defendants represented to the plaintiffs, through documents delivered by the defendants to their real estate agent, that the subdivision would be limited to single family residences, that the agent was duly authorized to so represent and did nothing to exceed his authority, that the plaintiffs would not have purchased the lot except for the representation that it would be surrounded by single family residences, and that the plaintiffs were damaged by the purchase of the realty.

On appeal, the defendants claim error in the trial court's findings, in its failure to find other facts as requested in a motion "to reopen judgment [and] rectify records," and in the standard of proof required by the trial court to support a judgment for the plaintiffs.

The claim for relief of the plaintiffs is basically one seeking the equitable remedy of rescission. Their complaint alleges that their purchase was induced by the representation of the defendants to them that the defendants would develop or allow to be developed the surrounding lots in the subdivision as single family residences. It is undisputed that at the time of the conveyance to the plaintiffs all of the lots, including the one conveyed to them, were actually located in a multiple family zone under existing zoning laws, and that the warranty deed conveying title to them stated that the premises were conveyed subject to the "limitations of use imposed by governmental authority." The offer to purchase signed by the parties stated that the buyers did not rely on any representations not contained in the document.

The litigants and the factfinder must know at the onset of the trial what standard of proof is to be applied. *In re Juvenile Appeal (83-AB),* supra, 60 n.2. In the event that the memorandum of the trial court is silent as to the standard of proof used, it will be assumed that the one ordinarily applied in most civil cases, that of a fair preponderance of the evidence, was used. Id., 59. If the trial court neither states nor implies that it is applying the proper standard of proof, it is impossible for an appellate court to determine whether the trial court, had it applied the required standard of proof, would still have rendered judgment as it did. *Lopinto* v. *Haines,* supra, 539. Whether the trial court has held a party to a less exacting standard than that which the law requires is a question of law, and, as such, is reviewable. Id., 536. Here, the court has found facts to sub-

stantiate its judgment, but it is impossible to glean from any language in the opinion what standard of proof was applied in order to find those facts. In such instances, a new trial is necessary.

Since the case must be retried, some of the claims raised by the defendants will be considered because they will recur. The defendants, on appeal, claim that rescission was improperly granted.[4] Rescission of a contract is an appropriate remedy if there has been a material misrepresentation of fact upon which a party relied and which caused it to enter the contract. *State* v. *Hartford Accident & Indemnity Co.,* 136 Conn. 157, 167, 70 A.2d 109 (1949). The material misrepresentation, when made in connection with the sale of land, may be an innocent misrepresentation. *Slocum* v. *Leffler,* 272 Or. 700, 701, 538 P.2d 906 (1975); see *Albany Motor Inn & Restaurant, Inc.* v. *Watkins,* 85 App. Div. 2d 797, 798, 445 N.Y.S.2d 616 (1981). At the option of the defrauded party, where there has been fraud in the inducement of the contract, the contract is voidable or subjects the defrauding party to a suit for damages.

---

[4] The plaintiffs argue that the defendants may not raise this issue, having not filed a motion to strike the legal sufficiency of the plaintiffs' prayer for relief. Practice Book § 152 (2). A claim that a judgment of rescission is not supported by the law and the evidence is different from a claim that the particular cause of action as alleged in a complaint will not support the claim for relief. The former claim relates to the failure of proof after a trial and the latter to a claim, before trial, that, assuming the truth of the allegations in the complaint, the relief sought could not be legally awarded to the plaintiff. The plaintiffs sought damages and rescission. There are instances, not applicable here, where the evidence is such that both remedies are available. If, for example, repudiation of the contract requires that restitution for sums paid prior to rescission are the direct consequence of the fraudulent act of which the plaintiff complains, damages are also recoverable. *National Conversion Corporation* v. *Cedar Building Corporation,* 23 N.Y.2d 621, 629, 246 N.E.2d 351, 298 N.Y.S.2d 499 (1969). A defrauded party may affirm the contract and sue for damages, seek rescission and restitution of any consideration paid, or seek rescission and any consequential damages. 13 Am. Jur. 2d, Cancellation of Instruments § 16; 12 Williston, Contracts (3d Ed. Jaeger) §§ 1523 through 1525.

*A. Sangivanni & Sons* v. *F.M. Floryan & Co.,* 158 Conn. 467, 472, 262 A.2d 159 (1969). The party defrauded has the option of electing either to rescind the contract or to claim damages for the breach of the contract. *Pacelli Bros. Transportation, Inc.* v. *Pacelli,* 189 Conn. 401, 409–10, 456 A.2d 325 (1983). To seek rescission is to waive any claim for damages arising from a breach of the contract. *Duksa* v. *Middletown,* 192 Conn. 191, 197, 472 A.2d 1 (1984). The remedy of rescission and restitution is an alternative to damages in an action for breach of contract. 12 Williston, Contracts (3d Ed. Jaeger) § 1455, p. 14. Rescission, simply stated, is the unmaking of a contract. It is a renouncement of the contract and any property obtained pursuant to the contract, and places the parties, as nearly as possible, in the same situation as existed just prior to the execution of the contract. A condition precedent to rescission is the offer to restore the other party to its former condition as nearly as possible.[5] *Duksa* v. *Middletown,* supra; *Keyes* v. *Brown,* 155 Conn. 469, 476, 232 A.2d 486 (1967).

The defendants, in claiming that a judgment for rescission and restitution was unsupported by the law and evidence, raise the subsidiary question of whether the plaintiffs must prove that they were monetarily damaged by the conveyance to them. The equitable remedy of rescission is not barred because of the fact that the defrauded party suffered no pecuniary loss. *Brett* v. *Cooney,* 75 Conn. 338, 341–42, 53 A. 729 (1902); 1 Restatement (Second), Contracts § 164, comment c. The purchase of real estate for a residence happens infrequently in the lifetime of the average family. The

---

[5] In the present case, the plaintiffs offered, at a prior hearing, to recovey the lot for the same price at which it had been purchased, and they tendered a deed at the trial. Although better practice would be to plead the condition precedent, there is evidence, as herein stated, that the plaintiffs had attempted to comply with the condition. See *Duksa* v. *Middletown,* 192 Conn. 191, 197 n.5, 472 A.2d 1 (1984).

very fact that the land did not have the fundamental characteristics which were attributed to it by the seller is sufficient in and of itself to show that the buyer suffered damage or irreparable harm. See *Benassi* v. *Harris,* 147 Conn. 451, 457, 162 A.2d 521 (1960); *Morrow* v. *Ursini,* 96 Conn. 219, 221, 113 A. 388 (1921); 12 Williston, Contracts (3d Ed. Jaeger) § 1522. If damages would be inadequate for justice in a particular case, rescission and restitution is the proper remedy. *Maruca* v. *Phillips,* 139 Conn. 79, 83, 90 A.2d 159 (1952).

The defendants also claim that the alleged misrepresentation of the defendants related to a promise to act in the future which was not proven to be coupled with a present intention not to fulfill the promise. A representation about a promise to do something in the future, when linked with a present intention not to do it, is a false representation. *Paiva* v. *Vanech Heights Construction Co.,* 159 Conn. 512, 515, 271 A.2d 69 (1970). Here, the defendants represented through two documents supplied to its real estate agent that only one family dwellings would be built on the remaining lots in the subdivision. After the conveyance to the plaintiffs, the defendants, in fact, constructed a multifamily dwelling within the subdivision and obtained permits to construct multi-family dwellings on other lots within the subdivision. A promise which relates to a future event may constitute actionable fraud if it is blended with a misrepresentation of a material fact and an evasion of the very promise, after the promisee has performed. 12 Williston, Contracts (3d Ed. Jaeger) § 1496, p. 374. On these facts, a reasonable inference is that the defendants had no intention at the time of the sale to the plaintiffs to develop or to allow the development of the surrounding lots for one family residences. Whether that conclusion will still obtain when the standard of proof by clear and convincing evidence is used remains to be determined upon a new trial.

The defendants assert that the plaintiffs should have learned for themselves that the realty conveyed to them was in an area zoned for multi-family homes. The plaintiffs claim that this issue cannot be raised on appeal because it was not pleaded as a special defense and was not raised in the defendants' preliminary statement of issues. It is not raised per se in the statement of issues except insofar as it is included in the issue of whether the trial court erred in failing to make the findings requested in the defendants' "motion to reopen judgment, rectify records and reargue." One of the findings requested was that the plaintiffs should have sought protection from their attorney by having a restrictive covenant placed in the offer to purchase, in the contract, or in the deed, and that the plaintiffs were at fault in relying on the documents given by the defendants to their real estate agent. Since the defendants did raise as an issue the failure of the trial court to make a finding on this issue, it has been preserved for review on appeal.

The recent weight of authority is that the right to rescind a contract for the sale of land, or a contract for the sale of a business, or a lease, is not necessarily destroyed because the buyer failed to make an independent investigation which would have revealed that the representation upon which he relied was false. See *Pacelli Bros. Transportation, Inc.* v. *Pacelli,* supra, 409; *Besett* v. *Basnett,* 389 So. 2d 995, 998 (Fla. 1980); *National Conversion Corporation* v. *Cedar Building Corporation,* 23 N.Y.2d 621, 627–28, 246 N.E.2d 351, 298 N.Y.S.2d 499 (1969); *Slocum* v. *Leffler,* supra, 704; *Wilson* v. *Zimmerman,* 261 Or. 528, 532–33, 495 P.2d 713 (1972).

To shield a seller with a buyer's negligence in not finding out whether the representation was true or false would be to give a seller the fruit of his falsehood. The defendants' argument raises the issue of whether the

law should choose either to allow the person who fraudulently misrepresented a basic fact to use the armament of caveat emptor to escape liability, or not to require the person to whom the misrepresentation was made to conduct an independent investigation as to the truth of an ascertainable fact. The Restatement chooses the latter. 2 Restatement (Second), Torts § 540. This court does also.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.