[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
The plaintiff purchased a residential condominium unit from the defendant developer on July 21, 1988. Prior to the purchase, she had observed a water problem in the basement of the subject unit but she was assured by an agent of the defendant that this had resulted from a plumbing test. This assurance was repeated at the closing of sale. In reliance upon this assurance, she not only went through with the purchase but also arranged for the basement to be finished by insulating, sheet rocking and painting the walls and installation of a storage closet which increased the sales price by $3,000. After taking possession, she laid down a carpet with underpadding, placed furniture in the room, stored various personal property and off-season clothes in the closet.
In May, 1989, she observed that the carpet was damp and discolored as was a sofa, the legs of a bookcase were warped and discolored, the legs of other furniture were discolored, the sheetrock on one of the walls was wet, mold was present, and there was an unpleasant odor in the room. She had to remove the stored articles in the closet and to accommodate the off season clothes, she had to purchase coat racks at a cost of $50. She had to remove the furniture at a cost for the movers of $150. The wet sheetrock and insulation was taken off the wall at a cost of $430. This exposed the basement wall and revealed a crack in the concrete foundation through which water seeped. The immediately adjacent unit had a water problem in its basement at the same time. Restoration of the insulation and sheetrock and repainting and replacement of the damaged carpet and furniture would cost CT Page 1161 $2,800. The plaintiff continued to use the rest of the unit.
The unit was at the bottom of a slope from Oronoke Road. That section of the Road was unimproved at the time of purchase without storm drains or curbing to control the runoff of water. On August 29, 1989, the defendant, together with other developers in the area, entered into an agreement with the City of Waterbury for the reconstruction of the road, the cost to be allocated among them, to include not only repaving but installation of storm drains and curbing. The defendant reconstructed a curtain drain and installed a surface drain in the area between Oronoke Road and the unit. Work was started in September, 1989 and was completed by May, 1990. Since this remedial work was done, there has been no further water problem in the basement. It was unclear from the evidence as to when the water problem ceased in the plaintiff's unit, but the adjacent unit has had no such problem since the fall of 1989.
I have no difficulty in finding that the water problem was of such magnitude as to be a breach of the implied warranty of fitness for habitation imposed by Connecticut General Statutes Section 47-118 (a)(d)(4) or the implied warranty of reasonable fitness for which the improvement was intended imposed by Section (c) of the same statute. In addition to the statute, those same provisions are recited verbatim on pages 9P and 13P of the defendant's public offering statement, plaintiff's exhibit 1, and the deed to the plaintiff, defendant's exhibit 2, specifically refers to the covenants in that statement.
In her amended complaint the plaintiff seeks both recission of the sale and damages. Recission is an equitable remedy and requires clear and convincing proof. Kavarco v. T.J.E. Inc.,2 Conn. App. 294, 296-7. I have no difficulty in finding that the breach of warranties has been proved by that standard. However, by that same standard the defendant has proved that the defect has been remedied.
"[R]escission is warranted in the case of major defects that render the house unfit for habitation, even though it would not be permitted for defects that could be remedied by repair." Dodd, Remedies p. 843, Section 12.9. I have been unable to find any Connecticut case in point, and apparently search by counsel has been equally pointless for neither side has given me any Connecticut citation, but the rule as stated by Dodd makes sense, keeping in mind that recission is an extraordinary remedy. Therefore I am forced to conclude that the plaintiff must be limited to money damages.
I have heretofore itemized damages in the amount of $3,430. There was no evidence as to the cost of resealing the crack in the CT Page 1162 foundation so I am limited as to it of a nominal award of $100. There was also no evidence as to the value of the plaintiff being deprived of the fruits of her bargain for some indeterminate time in that she did not have the intended use of the basement room, so I am again limited to a nominal award of $100 for this item.
Judgment may enter for the plaintiff in the amount of $3,630, costs to be taxed.
J. HEALEY, STATE TRIAL REFEREE.