[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 7287
This complaint is in two counts — the first alleges breach of contract and the second count sounds in CUTPA.
On November 15, 1988 the parties entered into an agreement for the sale of real estate located in the town of Ashford (exhibit A attached to the complaint). On the same date they executed an addendum to the agreement to sell and purchase real estate. (exhibit B attached to the complaint).
The documents provided for a purchase price of $97,000.00, provided that the defendant (buyer) would pay $425.00 per month (which was one half of the mortgage payment the seller was making on the property) until such time as the buyer resold the property, at which point the balance of the $97,000.00 would be paid. A second addendum also dated November 15, 1988, explicitly provided for a credit to the defendant for the amount of the monthly payments against the final payment. (exhibit 1). The addendum provided that in the event of the buyer's default the buyer, in lieu of any other damages, shall deliver any plans, engineering reports and data, and similar documents and information relating to the property. It also provided that in the event of buyer's default, any money previously paid pursuant to the agreement shall be retained by the seller as liquidated damages and neither party shall have further liability to the other.
On January 9, 1989, the property was conveyed to the defendant. The defendant made twelve payments of $425.00 each, or $5,100.00, the last one made in February, 1990. The defendant is thus in breach of the contract, however, the contract provides for no remedy for breach by the buyer beyond the liquidated damages clause.
The plaintiff seeks specific restitution and a retransfer of the subject property back to him and seeks to keep the payments made by the defendant, pursuant to the liquidated damages clause. He claims that the defendant has failed to pay real estate taxes, which will become the plaintiff's obligation if the Court orders specific restitution, and equitable relief should include retention of the $5,100.00 paid by the buyer.
Specific restitution is an equitable remedy available to a seller of land if a buyer breaches the contract after the land has been conveyed, if other remedies are inadequate and the rights of an innocent purchaser for value will not be CT Page 7288 affected. Benassi v. Harris, 147 Conn. 451 (1960).
Under the circumstances of this case, the Court finds that rescission of the contract and specific restitution of the land back to the plaintiff is the appropriate remedy. The defendant who reportedly now lives in Florida does not appear able to live up to the terms of the agreement, probably because of the deteriorating economic conditions which came after the agreements were executed. It would be patently unfair for the defendant to keep title to the property after payment of $5,100.00. Any legal remedies available to the plaintiff are inadequate in view of the very dim prospects for recovery of damages. Title to the land remains with the defendant, thus the conditions for ordering specific restitution are satisfied.
The next issue then becomes what conditions, if any, should be included in connection with the order for specific restitution. As a general rule, the rescission of a contract precludes any award of damages arising from the breach of it. Duksa v. Middletown, 192 Conn. 191 (1984), Kavarco v. T.J.E., Inc., 2 Conn. App. 294 (1984). In fashioning its judgment the Court should attempt to restore the parties to their former condition as much as possible. Kavarco v. T.J.E., Inc., supra. While damages are not generally available under this remedy, restitution which restores the parties to their original positions is appropriate. Metcalfe v. Talarski,213 Conn. 145 (1989), Kavarco v. T.J.E., supra.
The $5,100.00 paid to the plaintiff was, according to the agreement, liquidated damages. The plaintiff cannot take advantage of contract terms when he is seeking a rescission of it in order to obtain specific restitution. This is not the kind of egregious case that calls for an award of damages, such as fraud on the part of the defendant. There was no evidence of bad faith on his part and he made twelve monthly payments before breaching the contract terms.
The plaintiff is, however, entitled to restitution for taxes on the property which the defendant was obligated to pay from the time of closing. The Court finds the amount of taxes owing by the defendant to be $3,130.26.
With respect to the second count alleging a CUTPA violation, essentially the plaintiff claims that the contract for the sale of the real estate was unconscionable in that it failed to provide for a return of property in the event of a default by the buyer, as occurred here.
The F.T.C. Act is primarily designed to redress an CT Page 7289 unjustified injury to a consumer. In this case the plaintiff, who was represented by counsel when he purchased the property, chose not to obtain counsel for the instant transaction. He negotiated several clauses to the contract himself, which were subsequently agreed to by the defendant and incorporated into the contract addenda. The criteria for finding a CUTPA violation is found in A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 215 (1990). The Court does not find that the defendant's behavior in this matter was immoral, unethical, oppressive or unscrupulous. There was no evidence that the defendant had any devious motive or that the breach of contract was caused by anything but the defendant's inability to abide by the contract. He did, in fact, make twelve payments under the contract.
Further, the plaintiff could have easily and reasonably avoided his dilemma by having an attorney to represent his interests in this rather substantial sale of property, with complex terms and conditions.
The claim of CUTPA relief is denied.
Accordingly, judgment shall enter rescinding the contract between the parties to Sell and Purchase Real Estate known as Lot #3 Krapf Acres, Ashford, Conn. The deed conveying said premises to the defendant is cancelled and title to said premises is declared to be in the plaintiff, conditioned on a payment to the defendant in the amount of $1,969.74, which is the difference between the $5,100.00 paid by the defendant and the taxes on the property which will become the plaintiff's obligation by the terms of this decision.
(Certified copies of the town of Ashford Tax Collector show unpaid tax bills for the lists of October 1, 1988, 1989 and 1990 totalling $3,130.26. The plaintiff claims some taxes are unpaid on the list of October 1, 1987 but has not submitted proof of same, therefore, he is not awarded credit for such).
BY THE COURT,
Hon. Lawrence C. Klaczak Superior Court Judge CT Page 7290