[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DE DEFENDANT'S MOTION TO REOPEN (#111)
The initial trial began October 9, 1986, at which time, Dr. Herbert Silver, of Hartford Hospital, testified concerning blood grouping tests performed at that hospital. The plaintiff's attorney conceded that Dr. Silver was an expert in pathology and immunohematology. The tests performed included an HLA test from which results the doctor testified that, in his opinion, the defendant was not the biologic father of the child, Thomas, born to Deanna Smith. A second test, analyzing the red cells, known as ABO testing, was also performed, which, in the doctor's opinion, demonstrated that the defendant's probability of being the father was .001 or 0.1%. The doctor then stated the HLA absolutely excluded the defendant. These results were questioned and a second drawing of blood from the mother and the child resulted in the same results. In cross examination, the doctor acknowledged CT Page 5946 that the tests are not 100% accurate, but they approach very closely 100% accuracy.
The remaining evidence amply demonstrated that the defendant had access during the time conception took place; that no other man was ever named as the possible father; that the defendant continued to visit the plaintiff and the child; that the defendant's statements were inconclusive as to his possible fatherhood i.e., he had doubts and questioned if a Billy had access; that at other times, the defendant assumed the role of father; and the plaintiff was constant in her accusation that the defendant was the father. The court concluded that this evidence was overwhelming except for the scientific evidence offered by the defendant's expert. After considering the tests and finding that it could not determine that they are 100% accurate, the court concluded that paternity had been proven by a fair preponderance of the evidence, in the face of the scientific evidence. The attorney for the defendant immediately indicated that an appeal was being considered. No appeal was taken.
The defendant has now brought a motion to reopen the judgment, alleging fraud on the plaintiff's part, asserting that she lied as to the paternity of the child on the petition and at the trial. This is based on statements the plaintiff is alleged to have made to the defendant and to one Roy Normand that the child is not the defendant's child, implying she fraudulently concealed intercourse with another man. Connell v. Colwell,214 Conn. 242.
The first assertion is that the blood test results excluded the defendant as the possible father. This is not the case. A careful reading of the transcript demonstrates that trial court carefully evaluated the testimony of Dr. Silver and reached the conclusion that such tests, while approaching 100% accuracy, are not 100% accurate as Dr. Silver acknowledged.
The trial court is the arbiter of who is truthful while testifying. The defendant was not steadfast in denying paternity at the trial. The plaintiff was constant in her accusation that the defendant was the father. All this testimony was before the trial court.
The defendant correctly cites the burden he has in establishing a fraud as clear and convincing proof, and it is not to be presumed, Kavarco v. T.J.E., Inc., 2 Conn. App. 294. CT Page 5947
The statements of the plaintiff, made several years later, if made, while angry with defendant, do not meet the burden of proof. The plaintiff denies the alleged episodes ever took place. Her testimony is credible.
The court denies the defendant's motion to reopen the judgment.
HARRIGAN, J.