[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Dated May 27, 1997
On May 1, 1996, the plaintiff, BRT Property Group, filed a seven count revised complaint against the defendant, Willow Springs Condominium Association. The plaintiff, which owns sixty-two units in the defendant complex, alleges that the defendant "refused to act in the best interests of the unit owners . . . failed to meet its obligations as governing body . . . continues to intimidate, harass and hold the Plaintiff out in a false light . . . defamed and slandered the Plaintiff's business reputation in the community . . . incorrectly characterized an assessment against unit owners as a budget vote . . . wrongly ordered that a number of exterior decks of numerous condominium units be made inaccessible to occupants while failing to repair or replace said exterior decks and that the Defendant without warning, permit, or proper authority, destroyed a deck repaired by the Plaintiff . . . ." Specifically at issue is ¶ (g) of the plaintiff's prayer for relief, which is a request for attorney's fees.
The defendant, on May 31, 1996, filed a motion to strike this portion of the plaintiff's prayer for relief on the ground "that it is legally insufficient as the relief sought by way of attorney's fees cannot be granted as a matter of law as the plaintiff has failed to plead the existence of an agreement or statute supporting an award of attorney's fees in this matter."
A motion to strike a prayer for relief is properly granted "assuming the truth of the allegations in the complaint, the relief sought could not be legally awarded to the plaintiff."Kavarco v. T.J.E., Inc., 2 Conn. App. 294, 298 n. 4, 478 A.2d 257
(1984).
The defendant argues that the plaintiff has not pleaded sufficient facts to support the existence of an agreement providing for the recovery of attorney's fees. In addition, the defendant argues that the plaintiff has not pleaded a statutory basis for such an award, as required by Practice Book § 109A.
In its opposition brief, the plaintiff argues that it has alleged facts which if proved would show the defendant has violated the Common Interest Ownership Act, codified in Chapter 825 of the Connecticut General Statutes, as well as rules and regulations set forth in the by-laws of the condominium association. Included in Chapter 825 is § 47-75 (a),[1]
which authorizes attorney's fees. In addition, the plaintiff CT Page 5975 argues that there is no need to specifically plead a violation of § 47-75 (a) under Practice Book § 109A.[2]
"The general rule of law known as the American rule is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception. . . . Connecticut adheres to the American rule." (Citations omitted; internal quotation marks omitted.)Rizzo Pool Co. v. Del Grosso, 240 Conn. 58, 72-73, (1997).
The plaintiff has pleaded sufficient facts to support a claim for attorney's fees under General Statutes § 47-75 (a). While it is true that the plaintiff does not refer specifically to § 47-75, the request for attorney's fees is not, therefore, defeated because the Supreme Court has held that "Practice Book § 109A is directory rather than mandatory. . . ." HeymanAssociates No. 1 v. Insurance Co. of Pennsylvania, 231 Conn. 756,796, 635 A.2d 122 (1995).
The plaintiff has pleaded facts sufficient to state a claim under § 47-75 and thus to include in its prayer for relief a request for attorney's fees. Therefore, the motion to strike ¶ (g) of the prayer for relief is denied.
Stodolink, J.