[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED AUGUST 18, 1997
The defendant, Joseph Constantiano, filed a revised third-party complaint on September 18, 1996, naming Santangeli Construction Co. as a third-party defendant. The first count of the third-party complaint alleges breach of contract. The second count alleges the right of the defendant/third party plaintiff to indemnification from the third-party defendant. The third-party defendant filed a motion to strike on December 2, 1996 as to the second and third prayers for relief, which it claims improperly seeks apportionment of liability between the defendant/third-party plaintiff and the third-party defendant. The third-party defendant argues that a party may seek apportionment only within an apportionment complaint filed pursuant to Public Acts 1995 No.95-111. The defendant/third-party plaintiff filed an objection to the motion to strike on May 22, 1997, arguing that the third-party complaint complies with Public Act 95-111, and so there is no need to file separate indemnification and apportionment complaints.
A motion to strike a prayer for relief is properly granted "assuming the truth of the allegations in the complaint, the relief sought could not be legally awarded to the plaintiff."Kavarco v. T.J.E., Inc., 2 Conn. App. 294, 298 n. 4, 478 A.2d 257
(1984).
Public Act "95-111 clearly mandates that it is the sole means by which a defendant may add a person who is or may be liable pursuant to section 52-572h of the general statutes for a proportionate share of the plaintiffs damages as a party to the action. Therefore, Public Act 95-111 is the sole means of adding a party to an action for apportionment purposes regardless of whether indemnification is also being sought by the third party plaintiff." Hill v. Pathmark Stores, Inc., Superior Court, judicial district of Waterbury, Docket No. 129120 (February 11, 1997) (Gill, J.) (19 CONN. L. RPTR. 108). See also Bradley v.Randall, Superior Court, judicial district of Windham, Docket No. 052173 (April 8, 1996) (Sferrazza, J.) (18 CONN. L. RPTR. 636) (indemnification count inappropriate in apportionment complaint); CT Page 3177 General Statutes § 52-102b(f) ("This section shall be the exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h for a proportionate share of the plaintiffs damages as a party to the action").
Therefore, the motion to strike the second count of the third party complaint of the defendant Joseph P. Constantiano is granted.
See also memorandum re: Clark v. VIN Agency, Inc. Docket No. 326940 for legislative history and further discussion.
SKOLNICK, J.