[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiffs, Ralph and Ronnie Lazzaro, have brought an action against the defendant, JFS, Inc. The complaint sounds in breach of contract, negligence, and violations of the Home Improvement Act (HIA), General Statutes § 20-418, et seq. and the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b, et seq.
The defendant has filed a motion to strike the plaintiffs' CT Page 828 third and fourth claims of relief on the ground that the plaintiffs "have not adequately [pleaded] a cause of action for rescission or for an injunction under CUTPA."
A motion to strike a claim for relief is properly granted where, "assuming the truth of the allegations in the complaint, the relief sought could not be legally awarded to the plaintiff."Kavarco v. T.J.E., Inc., 2 Conn. App. 294, 298 n. 4, 478 A.2d 257
(1984).
The plaintiffs, in their third claim for relief, seek rescission of a certain mortgage deed and note. "Rescission, simply stated, is the unmaking of a contract. It is a renouncement of the contract and any property obtained pursuant to the contract, and places the parties, as nearly as possible, in the same situation as existed just prior to the execution of the contract. A condition precedent to rescission is the offer to restore the other party to its former condition as nearly as possible." Metcalfe v. Talarski, 213 Conn. 145, 153,567 A.2d 1148 (1989); See also Kavarco v. T.J.E., Inc., supra,2 Conn. App. 299.
In the present case, the only allegation in the second amended complaint relating to rescission is that the plaintiffs "made written requests for rescission of the alleged note and second mortgage dated November 9, 1994 . . . in exchange for mutual releases between the parties. . . ." This is not equivalent to an allegation that the plaintiff offered to return the defendant "to its former condition as nearly as possible." The third claim for relief, therefore, is legally insufficient. The defendant's motion to strike the plaintiffs' third claim for relief is granted.
The plaintiffs' fourth claim for relief is a request for a permanent injunction under CUTPA. The defendant seeks to strike the plaintiffs' fourth claim for relief on the ground that the plaintiffs fail to allege "two of the essential requirements for an injunction, namely irreparable harm and a lack of an adequate remedy at law."[1]
The plaintiffs argue that the common law standard for pleading injunctive relief has "no applicability when assessing the standards for relief under a comprehensive statutory scheme such as CUTPA." CT Page 829
"Irreparable harm need not be shown in a statutory injunction case. . . . [T]he enactment of the statute by implication assures that no adequate alternative remedy exists and that the injury was irreparable, that is, the legislation was needed or else it would not have been enacted." Department of Transportation v.Pacitti, 43 Conn. App. 52, 58, 682 A.2d 136, cert. denied,239 Conn. 937, 684 A.2d 707 (1996).
In the present case, the relief sought in the fourth claim for relief is an injunction pursuant to a statute. It is unnecessary, therefore, for the plaintiffs to plead irreparable harm.
Additionally, General Statutes § 42-110g(d) states that a party alleging a violation of CUTPA may properly be awarded an equitable remedy in addition to a legal remedy.[2] Therefore, it would be antithetical to require a party to allege that it lacks an adequate remedy at law when it is seeking both an equitable and legal remedy under CUTPA.
Based on the above discussion, the court finds that there is no need to plead the common law elements for injunctive relief when seeking same under CUTPA. The plaintiffs' fourth claim for relief, therefore, is legally sufficient. The defendant's motion to strike the fourth claim for relief is denied.
D'ANDREA, J.