[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Corporate Development International, Inc., has filed a four-count complaint against the defendant, Tenneco Packaging, Inc., f/k/a Packaging Corporation of America. This action arises out of the defendant's retaining the plaintiff to assist it in developing and identifying companies for potential acquisition by the plaintiff.
The plaintiff alleges that on November 3, 1994, the plaintiff and the defendant signed a written contract providing that the plaintiff's acquisition efforts would essentially be focused on, among others, Amoco Foam Products Company and the Plastic Division of Mobil Chemical. In addition to a monthly retainer, the plaintiff would be entitled to the payment of a "success fee" based on a percentage of the acquisition purchase price paid by the defendant with respect to acquisition candidates subsequently acquired by the defendant. On March 20, 1995, the plaintiff was terminated from this project. Within seven months of that termination, the defendant closed a $1.27 billion acquisition with Mobil, and eight months thereafter, the defendant closed a $310 million acquisition of Amoco Foam. The defendant has refused to pay any "success fee" to the plaintiff in connection with either of these acquisitions.
In the first count of its complaint, the plaintiff alleges that by terminating its relationship with the plaintiff, the defendant breached its contract with the plaintiff. In the second count, the plaintiff alleges that the defendant's termination of the plaintiff's services constituted an anticipatory repudiation. In count three, the plaintiff contends that as a result of the defendant's failure and refusal to pay the full reasonable value of its services, the defendant has been unjustly enriched. In count four, the plaintiff alleges that the defendant's actions constitute unfair methods of competition and trade practices in violation of General Statutes § 42-110b et seq., the CT Page 11956 Connecticut Unfair Trade Practices Act (CUTPA).
The defendant has filed a motion (#102) to strike counts three and four of the plaintiff's complaint and the plaintiff's prayer for attorney's fees and punitive damages. The defendant moves to strike count three, plaintiff's claim for unjust enrichment, on the ground that a written contract exists and governs the relationship of the parties. The defendant moves to strike count four, plaintiff's CUTPA claim, for legal insufficiency on the ground that the plaintiff alleges nothing more than a simple breach of contract. The defendant also moves to strike the plaintiff's corresponding prayer for attorney's fees and punitive damages arising out of the CUTPA claim.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." Peter-Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558
(1998). In determining the sufficiency of a motion to strike, "the court is limited to the facts alleged in the complaint."Faulkner v. United Technologies Corp. , 240 Conn. 576, 580,693 A.2d 293 (1997). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp. , Id.
A motion to strike is the proper vehicle to contest the legal sufficiency of any prayer for relief. Practice Book (1998 Rev.) § 10-39; Bouchard v. People's Bank, 219 Conn. 465, 473,594 A.2d 1 (1991). A motion to strike a prayer for relief is properly granted where, "assuming the truth of the allegations in the complaint, the relief sought could not be legally "assuming the truth of the allegations in the complaint, the relief sought could not be legally awarded to the plaintiff." Kavarco v. T.J.E., Inc.,2 Conn. App. 294, 298 n. 4, 478 A.2d 257 (1984).
As a threshold matter, this court must determine whether the law of Connecticut or the law of Illinois applies to the present dispute. "[I]n accordance with § 187 of the Restatement [(Second), Conflicts of Laws (1971)] . . . parties to a contract generally are allowed to select the law that will govern their contract, unless either: (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties choice, or (b) application of the law of the chosen state would be contrary to a fundamental CT Page 11957 policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties." (Internal quotation marks omitted.) Elgar v. Elgar,238 Conn. 839, 850, 679 A.2d 937 (1996); see also Demitropoulosv. Bank One Milwaukee, N.A., 915 F. Sup. 1399, 1413 (N.D. Ill. 1996). An express choice of law provision by the parties to a contract will be given effect "provided it was made in good faith." Elgar v. Elgar, supra, 848.
Here, the representation agreement entered into between the plaintiff and the defendant explicitly states in paragraph six that "this agreement will be construed in accordance with and governed by the laws of the State of Illinois." (Exhibit A to plaintiff's complaint.) The laws of the State of Illinois have a substantial relationship since the defendant has its principal place of business in Illinois. Moreover, the laws of the State of Connecticut do not have a materially greater interest than Illinois in the determination of the particular issues in dispute. There is also no evidence that the express choice of law provision in the representation agreement between the plaintiff and defendant was made in bad faith. Accordingly, Illinois law will be applied in determining whether to grant the defendant's motion to strike.
The defendant moves to strike count three as a matter because it points out that, although a claim of unjust enrichment is predicated on the assumption that no contract exists between the parties, the plaintiff itself alleges in count three that a written contract exists and governs the relationship of the parties. The defendant notes that even if alternative pleading of breach of contract and unjust enrichment claims as separate counts is permissible, the plaintiff's unjust enrichment claim must be stricken in this case because both the existence of the written contract and the claim for unjust enrichment are pleaded in the same count.
The plaintiff, in opposition, argues that alternative claims for breach of contract and unjust enrichment may be pleaded in the same action. The plaintiff further argues that its allegation in its complaint that a contract existed between the parties is not conclusive and therefore it should be able to assert a claim for unjust enrichment in the alternative. CT Page 11958
"[W]here there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application." (Citation omitted; internal quotation marks omitted.) Horbach v. Kaczmarek, No. 95 C 5180, 1997 WL 102540, at *2 (N.D. Ill. March 5, 1997). "Admittedly, pleading unjust enrichment in the absence of a contract, as an alternative to a breach of contract, is permitted." (Citation omitted.) Id. A party may "set forth two or more statements of a claim or defense alternately or hypothetically. However, Rule 8(e)(2) allows inconsistency between claims, not inconsistency within a single contract claim." (Internal quotation marks omitted.) AlliedVision Group, Inc. v. RLI Professional Technologies, Inc.,916 F. Sup. 778, 782 (N.D. Ill. 1996); see also Fed.R.Civ.P.8(e)(2).
A plaintiff may not claim within a single count that there was a contract and that the defendant was unjustly enriched. SeeAllied Vision Group, Inc. v. RLI Professional Technologies, Inc.,supra, 916 F. Sup. 782. In the present action, the plaintiff alleges within its claim for unjust enrichment that a contract existed. Because the plaintiff has asserted within count three that a contract governed the relationship of the parties, the plaintiff's claim for unjust enrichment must fail. Id. Therefore, the defendant's motion to strike count three of the plaintiff's complaint is granted.
Since this court has determined that Illinois law applies, a claim brought under CUTPA, a Connecticut statute, must necessarily fail. Moreover, in striking the plaintiff's CUTPA claim, the prayers for relief under the CUTPA claim will be stricken simultaneously. See Bank United of Texas v. Delvecchio, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 058535 (April 2, 1998, Curran, J.) (in striking the defendant's counterclaims, the court simultaneously struck the corresponding prayers for relief). Accordingly, the defendant's motion to strike the CUTPA claim and the corresponding prayer for attorney's fees and punitive damages is granted.
So Ordered.
Dated at Stamford, Connecticut, this 21st day of October, 1998.
William B. Lewis, Judge
CT Page 11959