[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#106)
Plaintiff, Victoria E. Morse ("Morse"), filed a substitute complaint dated July 22, 1998 against the defendants, Hopkins School ("Hopkins") and Thomas Rodd, Jr. ("Rodd"). Count One alleges a cause of action for breach of contract of employment and Count Two alleges a cause of action for violation of the covenant of good faith and fair dealing. Among other relief requested, Morse seeks exemplary damages as to both counts of the substitute complaint. Hopkins and Rodd move to strike the claim for exemplary damages on the grounds that exemplary damages are not recoverable for breach of contract claims. For the reasons set forth below, the motion to strike is granted.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." R.K. Constructors,Inc. v. Fusco Corp. , 231 Conn. 381, 384 (1994). Practice Book section 10-39 provides, "whenever any party wishes to contest . . . the legal sufficiency of any prayer for relief in any . . . complaint. . ., that party may do so by filing a motion CT Page 2626 to strike the contested pleading or part thereof." A motion to strike a prayer for relief is properly granted where, "assuming the truth of the allegations in the complaint, the relief sought could not be legally awarded to the plaintiff." Kavarco v.T.J.E., Inc., 2 Conn. App. 294, 298 n. 4 (1984).
The rule in Connecticut with respect to recovering punitive damages for a breach of contract claim provides that, "[p]unitive damages are not ordinarily recoverable for breach of contract."Triangle Sheet Metal Works., Inc. v. Silver, 154 Conn. 116, 127
(1966). Absent an allegation that there is "wanton and malicious injury, evil motive and violence" punitive damages are not available for a breach of contract claim. Id. Morse does not assert any of these allegations in her breach of contract claim.
The rule in Connecticut with respect to recovering punitive damages for a violation of the covenant of good faith and fair dealing claim provides that punitive damages are not recoverable in employment cases. Barry v. Posi-Seal International, Inc.,40 Conn. App. 577, cert. denied 237 Conn. 917 (1996). In Barry, the Appellate Court stated that "where there is no allegation or proof that the termination of employment is violative of an important public policy, punitive damages cannot be recovered on a claim that a termination constituted a breach of the implied covenant of good faith and fair dealing. . . . Id. at 587-838. Morse does not allege any violation of public policy in her allegation of violation of the covenant of good faith and fair dealing claim.
Morse asserts that notwithstanding Barry, punitive damages should be available in cases such as this that involve the breach of an express contract of employment in a manner that is tortious. While acknowledging that Barry forecloses such damages, Morse argues that Barry was wrongly decided in light of the contrary view expressed in the Restatement of Contracts. This court, however, is bound by the holding in Barry and must therefore grant the motion to strike the claim for exemplary damages.
In addition to the above, the file reflects that a substantially similar motion addressed to the original complaint was ruled upon by the Honorable Howard Zoarski. Judge Zoarski granted the motion to strike the claim for punitive damages in the original complaint. Morse then pled over after Judge Zoarskis ruling again claiming punitive damages and the defendants, in CT Page 2627 turn, have again moved to strike. While the substitute complaint is more detailed, it does not change the essence of the allegation made in the original complaint. Given this procedural posture; Judge Zoarskis ruling, while not absolutely binding, is entitled to deference by this court. See Carotheis v.Capozziello, 215 Conn. 82, 107 (1990) (A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge).
Accordingly, the motion to strike is granted.
So Ordered at New Haven Connecticut this 24th day of February, 1999.
Robert J. Delvin, Jr. Judge of the Superior Court