[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Thomas Sheridan has moved for summary judgment on the grounds that the plaintiff, Mary Banatoski, signed a release and accepted payment in satisfaction of her claim against Sheridan. The plaintiff brought this action against Sheridan and Liberty Mutual Insurance Company, following a motor vehicle accident involving her, and defendant Sheridan. In the lawsuit, the plaintiff alleges negligence against Sheridan and fraud against Liberty Mutual.
Following the motor vehicle accident, representatives of defendant Sheridan's insurance company, Liberty Mutual, obtained from the plaintiff her signature on a document it claims is a release. The plaintiff subsequently accepted a check in the amount of $200.00. The plaintiff does not dispute the fact that there is a signed document in the case, which the defendant purports to be a release. The plaintiff at oral argument, contended however, this so-called release was fraudulent, in both its terms and in the way it was obtained. Defendant Sheridan maintains that the allegations of fraud pertain only to defendant Liberty Mutual and that he should be released from this case.
Though the plaintiff failed to provide this court with a memorandum in opposition to the defendant's motion, and though she did not provide any counter-affidavits to rebut the defendant's assertions, this court finds that the record in the case is sufficient to deny the defendant's motion.
"The general principle that fraud vitiates every transaction and all contracts applies to releases. 66 Am.Jur.2d 695-96, Release § 21 (1973). It has been held in several jurisdictions CT Page 9320 that the question whether a release which may be avoided for fraud is void or merely voidable depends upon whether the fraud relates to the factum or the inducement. If there is fraud in the factum, wherein the releasor signs an instrument which is in truth a release, whereas he was induced to believe that he was signing an entirely different type of instrument . . ., the instrument is void. Where there is fraud only in the consideration, as where the release is obtained from an injured person by misrepresentations as to the nature of his injuries, or by other fraudulent representations as to matters other than the character of the instrument, the release is voidable only, and until set aside in equity is binding on the releasor. (Footnotes omitted.) Id. § 14, pp. 689-90; see Kavarco v. T.J.E. Inc.,2 Conn. App. 294, 298, 478 A.2d 257 (1984) (where there has been fraud in the inducement, the contract is voidable)." (Internal Quotation Marks omitted.) City of Milford v. Andresakis, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. CV94 0047124S (Apr. 7, 1998, Curran, J.)
Applying the applicable law to the facts in this case, this court holds that it appears that the release is void. Even assuming that it is not void, as a matter of law, there are certainly issues of material fact as to whether or not the release is void or voidable.
For the foregoing reasons, the motion for summary judgment is denied.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT