[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, James T. Ainsworth, filed a four-count amended complaint on January 12, 2000 against his former employer, Lexington Partners, LLC (Lexington Partners), and the president of Lexington Partners, Martin J. Kenny, alleging that he was not paid the profit-sharing and commissions owed to him in accordance with the terms of an individual employment agreement entered into between him and Lexington Partners on or about September 27, 1995. The defendants jointly filed a motion to strike count four, which alleges breach of the covenant of good faith and fair dealing, and paragraphs two, three and six of the prayer for relief, in which the plaintiff requests compensatory and punitive damages. CT Page 8009
A motion to strike challenges "the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. SeaShell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[T]he court is limited to the facts alleged in the complaint." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). The motion "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 588,693 A.2d 293 (1997). The court, however, "construe[s] the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Pamela B. v. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Bhinder v. Sun Co., 246 Conn. 223, 226,717 A.2d 202 (1998).
Count Four
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." Habetz v.Condon, 224 Conn. 231, 238, 618 A.2d 501 (1992). "[A]n action for breach of the covenant of good faith and fair dealing requires proof of three essential elements, which the plaintiff must duly plead: first, that the plaintiff and the defendant were parties to a contract under which the plaintiff reasonably expected to receive certain benefits; second, that the defendant engaged in conduct that injured the [plaintiff's] right to receive some or all of those benefits; and third, that when committing the acts by which it injured the [plaintiff's] right to receive benefits it reasonably expected to receive under the contract, the defendant was acting in bad faith." ShareAmerica, Inc. v. Ernst Young, Superior Court, judicial district of Waterbury, Docket No. 150132 (July 2, 1999,Sheldon, J.).
The third element is at issue in the present case. "Bad faith means more than mere negligence; it involves a dishonest purpose." Habetz v.Condon, supra, 237. "Bad faith is most simply defined as the `absence of good faith.'" ShareAmerica, Inc. v. Ernst Young, supra, Superior Court, Docket No. 150132.
In his fourth count, the plaintiff incorporates by reference the allegations of the previous counts in his amended complaint, including ¶ 12 of count two, which alleges that the defendants' actions were "taken in bad faith and/or were unreasonable or arbitrary". Count four CT Page 8010 then concludes that the defendants' conduct "breached the covenant of good faith and fair dealing implied in the defendant's employment agreement with the plaintiff." (Plaintiff's Amended Complaint, count four, ¶ 17.)
The count does not contain "a plain and concise statement of the material facts on which" the plaintiff relies for his claim of a violation of the covenant of good faith and fair dealing. See P.B. §10-1. Absent sufficient facts to support the plaintiff's legal conclusions, count four is subject to a motion to strike. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). See Meehan v. The Press, Inc., Superior Court, judicial district of Danbury, Docket No. 321002 (February 22, 1996, Moraghan, J.) (motion to strike the breach of the covenant of good faith and fair dealing count granted when the count only incorporated the other paragraphs of the complaint to support such a claim and stated mere legal conclusions about the defendant's actions; court held the complaint only supported a breach of contract claim). Accordingly, the defendants' motion to strike count four is granted.[1]
 Paragraphs Two, Three and Six of the Prayer for Relief
With regard to paragraphs two and three, which seek double damages and costs and attorney's fees, respectively, these were not altered by the plaintiff's amended complaint dated January 11, 2000, and by filing an answer to the prayer for relief in the plaintiff's original complaint the defendants have waived their right to move to strike them. See Practice Book § 10-7 (waiving of the right to file any pleading which might have been filed in due order when the pleading preceding it in the order of pleading has already been filed); see also Thompson v. Buckler, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 153789 (January 27, 1999, D'Andrea, J.) (court held defendant waived the right to bring a motion to strike pursuant to Practice Book §10-6 because he had previously filed an answer to the complaint); Butlerv. Buchanan Marine, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149347 (May 22, 1998, D'Andrea,J.) (22 Conn.L.Rptr. 211) (court denied the defendant's motion to strike the plaintiff's amended complaint because the defendant was deemed to have already filed an answer to the original complaint); City of NewHaven Water Pollution Control Authority v. Town of Hamden, Superior Court, judicial district of New Haven at New Haven, Docket No. 318934 (May 22, 1995, Hodgson, J.) (defendant who filed an answer to counts not altered in the amended complaint held to have waived right to move to strike those counts); Grandinetti v. Heidelberg Inn, Inc., Superior CT Page 8011 Court, judicial district of Hartford-New Britain at New Britain, Docket No. 456711 (May 10, 1994, Lavine, J.) (request to revise directed at allegations unchanged by, and filed subsequent to a motion to strike, held untimely).
Accordingly, the defendants' motion to strike paragraphs two and three of the plaintiff's prayer for relief is hereby denied.
The defendants moved to strike paragraph six of the plaintiff's prayer for relief on the grounds that punitive damages are not recoverable in a breach of contract claim, and that the plaintiff failed to set forth a factual predicate establishing bad faith to support-a claim for breach of the covenant of good faith and fair dealing.[2]
A motion to strike a prayer for relief is properly granted where, "assuming the truth of the allegations in the complaint, the relief sought could not be legally awarded to the plaintiff." Kavarco v.T.J.E., Inc., 2 Conn. App. 294, 298 n. 4, 478 A.2d 257 (1984). The defendants are undoubtedly right that punitive damages are not recoverable for a simple breach of contract, and the plaintiff does not claim that they are. See Plaintiff's Memorandum Opposing Defendants' Motion to Strike, p. 6 (February 17, 2000) . . Moreover, as discussed above, this court finds the plaintiff failed sufficiently to plead a breach of the covenant of good faith and fair dealing. Accordingly, the defendants' motion to strike the prayer for relief that seeks punitive damages is hereby granted.[3]
BY THE COURT
Shortall, J.