[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Paul Tanpiengco and his spouse Sharon K. Tanpiengco hereinafter ("Tanpiengco") entered into a purchase and sales agreement for the sale of real property known as 281 Chestnut Hill Road, Killingworth, Connecticut ("The Property") owned by the defendant Maria R. Tasto hereinafter ("TASTO") on September 15, 1999. The listing broker was the defendant Shoreline Realty and Christine Fappiano hereinafter ("Fappiano") (See Exhibit 1).
On November 16, 1999, Attorney Jane W. Griffith as attorney for Tanpiengco notified Attorney Barry Cox as attorney for TASTO that Tanpiengco's mortgage application had been denied due to the appraising CT Page 6191 at less than the contract price (Exh. J.). On November 9, 1999, Tanpiengco gave notice that they rescinded the agreement to purchase for two reasons, the first that the State of Connecticut was taking some property and secondly because it came to their attention that The Property is surrounded by "what was the Killingworth Municipal Landfill" which was known by the Seller TASTO as well as the seller's broker (Exh. 18). Tanpiengco asserts that when they asked Fappiano about the description of the adjacent land they were told by Fappiano that "it was just open space and not to be built on." Tanpiengco asserts that this statement was a material misrepresentation of facts and more than sufficient to allow buyers, the Tanpiengco's to rescind" (See Exh. 18). On December 15, 1999, Tanpiengco again demanded the return of their deposit in the amount of $8000 (Exh. 19). The Property was sold to another buyer on March 24, 2000, for $289,900.
At the outset, it is important that the court state what the standard of proof is used in arriving at the findings:
 "Connecticut law has firmly established that fraud must be proven by a standard more exacting than that of a fair preponderance of the evidence. The standard of proof for some cases such as those involving the acquisition of title by adverse possession, the termination of parental rights, libel, fraud, or reformation of a deed or contract is that of clear and convincing proof, a standard greater than proof by a fair preponderance of the evidence but less than proof beyond a reasonable doubt."
Kavarco v. T.J.E., Inc., 2 Conn. App. 294, 296.
Accordingly, the court's findings are by clear and convincing evidence addressed at trial.
Tanpiengco has instituted suit in Four Counts of this complaint.
The First Count seeks a return of their deposit in the amount of $8000 on the grounds of a deliberate, intentional and fraudulent misrepresentation and concealment of a material fact of the existence of a landfill on The Property and or the abutting land (Paragraph Seven of Complaint). Tanpiengco asserts that they relied upon the representations of the sales agent, Fappiano, for the Seller TASTO.
The Second Count alleges that because the state was taking part of the property for the repairs to a bridge that it would impact on the property so that TASTO could not deliver the property for which Tanpiengco had CT Page 6192 bargained for.
The Third Count alleges CUTPA violation by the defendants under C.G.S. § 42-110a et seq.
The Fourth Count essentially seeks reimbursements for unjust enrichment.
Fappiano and Shoreline filed their answers and TASTO filed her answer and special defenses and a counterclaim for liquidated damages as appears on file. TASTO essentially in her counterclaim seeks the deposit of $8000 as liquidated damages for breach of contract on the part of Tanpiengco for a default as provided in the Sales Agreement (Paragraph 14 of Exh. 1).
The principal issue of this case is whether the actions of TASTO and Fappiano constituted a fraudulent misrepresentation and concealment of a material fact to void the contract and require the return of the deposit of $8000. The Tanpiengco's put on evidence for their expenses outlined on page 32 of their post trial brief which totaled $3,580.87 inclusive of statutory interest at 10% for seventeen months of $1,133.33 which this court awards under C.G.S. § 37-3a which is discretionary. TASTO's argument that under Karvarco that Tanpiengco is not entitled to damages is misplaced in this case.
 "The party defrauded has the option of electing either to rescind the contract or to claim damages for the breach of the contract. To seek rescission is to waive any claim for damages arising from a breach of the contract. The remedy of rescission and restitution is an alternative to damages in an action for breach of contract. 12 Williston, Contracts (3d. Ed. Jaeger) 1455, p. 14. Rescission, simply stated, is the unmaking of a contract. It is a renouncement of the contract and any property obtained pursuant to the contract, and places the parties, as nearly as possible, in the same situation as existed just prior to the execution of the contract. A condition precedent to rescission is the offer to restore the other party to its former condition as nearly as possible."
Tanpeingco is entitled to interest but the other claims for consequential damages is disallowed.
Both TASTO and Fappiano knew that the property was built adjoining a land fill and that some of the property itself was on the landfill. When CT Page 6193 Tanpiengco inquired of Fappiano what was to the rear or in back of The Property, Fappiano deliberately informed him that "it was open space and that it was owned by the Town of Killington and designated as open space and would never be built on."
John Houston who was a tenant on The Property for one year at the time of the sales agreement and had moved in the vicinity testified that he asked Christine Fappiano if Tanpiengco knew that a landfill was on The property. Houston testified that Fappiano was uncomfortable about him talking directly to Tanpiengco. The court concludes that Fappiano's action constituted concealment. The next issue to be decided is whether it was a material fact and one if known to the buyer would have resulted in the buyer not to complete the sales agreement.
Tanpiengco relied upon the representation that the rear of The Property was open space but not landfill. Tanpiengco presented evidence that there was potential dangers attached to property being on or adjoining a landfill area. Donald J. Fittings ("Fittings") employed by the State of Connecticut as an environmental consultant, who performs environmental site assessments testified he would have concerns about the potability tests of the water supply to The Property. Fittings further testified that there was risks attached to The Property from a health standpoint. Fittings opined The Property has landfill of 166 feet into The Property. Fittings further testified as to effect of pollution and the requirements placed upon an owner if there exists potential contamination. In 1975 when the landfill was closed there was no requirement that it be placed on the land records. Now owner/operator of landfills are required to put on land records when closing it and the description. Fittings further testified that to the best of his knowledge TASTO property is presently in violation because it is not 1000 feet from a landfill. Fittings did not know what was under the cover of the landfill. Fittings opined The Property is not likely to be affected by leachate.
The court concludes that a false representation was made to Tanpiengco when told the property to the rear was open space without further explanation that it was at one time the town dump. That concealment of the former use was not only misleading, but also a misrepresentation of the character of the area. TASTO and Fappiano knew the character of the land and knew that it was untrue to state it was open space. The concealment of the prior use of the land was made to induce the other party to act upon it and that the other party, Tanpiengco, acted upon the false representation. The actions of the owner and her agent were clearly and convincingly fraudulent from all the evidence in this case. TASTO cannot hide behind the shield of her agent Fappiano because she made no representations to Tanpiengco. Both TASTO and Fappiano knew what was to the rear as on the property and deliberately failed to disclose the prior CT Page 6194 use.
Accordingly, the court finds in favor of Tanpiengco on the First Count and awards the sum of $9,133.33, as against TASTO and Fappiano. Since Fappiano has turned over the $8000 deposit to TASTO, judgment enters as against TASTO for the sum of $9,133.33.
The court need not address the Second Count of the complaint of impossibility of performance in view of its ruling on the First Count and dismisses said count. The court further dismisses the Fourth Count of the complaint alleging unjust enrichment.
The Third Count of the complaint is a claim under C.G.S § 42-110 (a). TASTO argues that TASTO was not in a trade or commerce which is a predicate to recovery under a CUTPA claim. Further the court finds that to consider the sale of her home, a one time instance does come within the provisions of CUTPA. Notwithstanding the fact that TASTO was a real estate agent at one time and had knowledge that The Property was not what it was represented to be, this court agrees that TASTO cannot be held liable under CUTPA by the Tanpiengcos. Fappiano may however have a cross-claim as to TASTO for which she is held liable for her misrepresentations. Accordingly, judgment in favor of TASTO is entered as to the Third Count for the above reasoning.
Fappiano argues that there is no liability under CUTPA as to her and Shoreline Realty relying on the case of Diamond v. Marcinek,27 Conn. App. 353. Unlike Diamond this court finds that the nondisclosure of the landfill surrounding the property was fraudulent. The nondisclosure of underground tanks in Diamond was construed to be an innocent nondisclosure not a deliberate misrepresentation as in the present case. Further, in Diamond the defendant paid for the removal of the underlying tanks and there was no showing that the land was effected for residential use.
In Diamond the court stated "that the decision to award a remedy for recission . . . always depends on a showing of what justice requires in the particular circumstances and thus rests in the discretion of the trial court" (citation omitted). Diamond Id., p. 363.
In this case the nondisclosure constituted fraudulent conduct.
Under CUTPA, Connecticut states that the conduct must meet all three criteria of the "cigarette rule." That rule as adopted by the Federal Trade Commission measures whether conduct is unfair by: (1) whether it offends public policy as established by statute, common law or otherwise; (2) whether it is immoral, unethical, oppressive or CT Page 6195 unscrupulous, and; (3) whether it causes substantial injury to consumers, competitors or business men.
Tanpiengco argues that Realtors are prohibited by law from misrepresenting or concealing material facts under C.G.S. §§20-320 and 20-328aa. Omitting to tell potential buyers of a material fact about a home they are considering buying which potentially may have hazardous conditions is against public policy. Landfills when they are now closed must be recorded in the land records. This court finds that the conduct of the defendant Fappiano was unfair, and unscrupulous and that Tanpiengco sustained substantial injury. Fappiano is definitely in a trade or commerce that requires total disclosure. The representations made to Tanpiengco were material and deceptive.
Accordingly, the court finds in favor of Tanpiengco against Fappiano and Shoreline Real Estate.
Accordingly, the court enters judgment in favor of the plaintiffs to recover $9,133.33 on the First Count and in favor of Tanpiengco on the counter-claim of the defendant TASTO.
The Second and Fourth Counts are dismissed.
The Third Count in favor of Tanpiengco as against Fappiano and Shoreline Realty. The court retains jurisdiction for a hearing on the Third Count regarding attorney's fees and penalty.
 Frank S. Meadow, Judge Trial Referee